(March 3, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLAUDE DESIR and JEAN FAUSTIN, Respondents.—Order, Supreme Court, New York County (Dorothy Cropper, J.), entered May 8, 1985, granting defendants' motion to suppress a gun, is unanimously reversed, on the law, and the motion to suppress denied.

The facts, as adduced from the testimony of the sole witness at the hearing, Detective Frank Aiello, are as follows: At approximately 8:30 P.M. on September 15, 1984, defendants were in a car proceeding north on Eighth Avenue near 113th Street. Going in the opposite direction was an unmarked anticrime patrol vehicle driven by Detective Aiello, who was accompanied by Police Officer Bartley Porzio and Sergeant Robert Broughton. As defendants' vehicle passed, Detective Aiello observed that its rear license plate was dangling.

Because an improperly affixed license plate may signify that a vehicle has been stolen and its plates hastily replaced to avoid detection, Detective Aiello drove alongside defendants' vehicle, which had stopped for a traffic light, and directed the driver, defendant Faustin, to pull over to the curb. As Detective Aiello and Police Officer Porzio approached the vehicle, the detective observed Faustin reach over the front seat as if placing an object in its rear. Using his flashlight to illuminate the area of Faustin's reach, Detective Aiello observed a shiny object, which appeared to be a white metal revolver, on the floor. Defendant Faustin and his passenger, codefendant Desir, were removed from the vehicle, and the object, a pistol, was seized.

Defendants were arrested and on October 23, 1984, indictment No. 6911/84, charging them with criminal possession of a weapon in the third degree, was filed.

In granting defendants' motion to suppress the weapon, the

hearing Judge, who first made findings of fact in accordance with Detective Aiello's testimony, ruled, as a matter of law, that the dangling license plate failed to provide a sufficient predicate to support the stop of the vehicle. On the basis of our holding in *People v Vasquez* (106 AD2d 327, *affd* 66 NY2d 968, *cert denied* 475 US 1109), we reverse.

As here, *Vasquez (supra)* involved a vehicle which aroused the suspicions of police officers because it had a dangling license plate, there affixed by a string. At the hearing on defendant's motion to suppress a gun observed when the police made inquiry, the officer in *Vasquez* testified that stolen cars frequently bear plates affixed in an unusual fashion. In affirming the lower court's denial of the motion to suppress, this court held that the police were justified in stopping the vehicle on the basis of the dangling-plate predicate, which constitutes a violation of Vehicle and Traffic Law § 402. We find the reasoning and result in *Vasquez* controlling in the similar circumstances presented here.

First, it is well established that the police may lawfully stop automobiles for violations of the Vehicle and Traffic Law. *(See, e.g., People v David L.,* 56 NY2d 698, *cert denied* 459 US 866). In this context, we reject the hearing court's conclusion that "any traffic infraction for which there was no summons issued would constitute only a pretext [stop]". While the failure to issue a summons may be considered, together with all other relevant factors, in the assessment of credibility, there exists no blanket rule such as enunciated by the lower court. Moreover, the court expressly adopted the version of events testified to by Detective Aiello.

Having lawfully stopped defendants' automobile, Detective Aiello acted properly in using his flashlight to view the area where he had seen defendant Faustin reach with his hands, for "shining a flashlight into the interior of [a vehicle] to illuminate what would have been in plain view in daylight [does] not involve an unreasonable intrusion * * * It is only where the stop itself or the ensuing detention is unwarranted that the use of a flashlight constitutes an unreasonable search." *(People v Robinson,* 115 AD2d 411, 413.)

Accordingly, the gun seized by Detective Aiello was the product of legitimate police activity, and the motion to suppress should have been denied. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Kassal, JJ.