■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK LASTORINO, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Wade, J.), dated September 16, 1991, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities, and to dismiss the indictment.

Ordered that the order is affirmed.

At the hearing, the arresting officer testified that he was in a marked radio patrol car behind the defendant's vehicle while it was stopped at a red light. When the light turned green, the defendant did not move his vehicle. After the officer

sounded his siren a few times and shined a spotlight, the defendant allegedly turned left without signaling and crossed a double yellow line. The officer followed for several blocks before the defendant was pulled over. According to the officer, the defendant then exited his vehicle and left the driver's door open. As his partner asked the defendant for his license, the officer went to the driver's door and bent inside the defendant's vehicle to turn off the ignition. At this point, the officer reportedly saw in plain view on the front seat the butt of a gun protruding from a pouch. Thereafter, the defendant exclaimed, "That ain't my gun * * * What do you think I'm crazy * * * I had like seven surveillance cars following me. I wouldn't have a gun in the car". The defendant called as a witness a detective who testified that he and other officers had the defendant under surveillance at the time of the incident. Finding that the police testimony appeared "tailored to nullify constitutional objections", the hearing court suppressed the gun and the defendant's statements to the police and dismissed the indictment. We affirm.

It is fundamental that "[t]he determination of the hearing court, which had the advantage of seeing and hearing the witnesses, should not be set aside unless clearly unsupported by the record" *(People v London,* 160 AD2d 734; *see also, People v Ward,* 175 AD2d 819; *People v Foster,* 173 AD2d 841). Further, " ' "[t]hough a defendant who challenges the legality of a search and seizure has the burden of proving illegality, the People are nevertheless put to 'the burden of *going forward* to show the legality of the police conduct in the first instance *(People v. Malinsky,* 15 N Y 2d 86, 91, n. 2)' *(People v. Whitehurst,* 25 N Y 2d 389, 391)" ' " *(People v Void,* 170 AD2d 239, 240 [emphasis in original]). Here, the arresting officer claimed that the defendant, who was aware he was under surveillance for at least several minutes, exited his vehicle and left the driver's door open and a loaded gun visible on the front seat, virtually inviting the police to discover the gun. We find no reason to disturb the hearing court's determination that the testimony was patently incredible. Accordingly, the gun and statements were properly suppressed. Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.