■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SPENCER, Also Known as WILLIE PRUEITT, Appellant.—Judgment, Supreme Court, New York County (Joan C. Sudolnick, J.), rendered June 1, 1989, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sentencing him, as a persistent violent felon, to 6 years to life, unanimously affirmed.

At approximately 10:30 P.M., on Wednesday, August 31, 1988, while on foot patrol on the corner of 41st Street and Fifth Avenue, two police officers received a "radio run" of a robbery in progress on Fifth Avenue between 43rd and 42nd Streets. The transmission described the robbers as two black males. It indicated that the 911 call was received from a person who was witnessing the robbery from a window overlooking the scene. The officers proceeded quickly on foot to the location whereupon they observed two black males carrying brown leather zippered bags and walking rapidly south on Fifth Avenue. The individuals were stopped and asked if the bags were theirs. One of the individuals, the defendant, replied that the officers had no right to stop them.

Defendant's cohort suddenly fled as defendant turned his back to the officers, unzipped his shoulder bag and placed his hand into the bag. Defendant turned back, struck one of the officers in the head with his hand and attempted also to flee. A struggle ensued, defendant was subdued, and the officers recovered from the bag, *inter alia,* a loaded .45 caliber automatic handgun.

Defendant's contention that the People did not meet their burden of demonstrating the propriety of the police conduct is without merit. It is fundamental that the determination of the hearing court should not be set aside unless clearly unsupported by the record *(People v Lastorino,* 185 AD2d 284, 285). The aggregate effect of the alleged inconsistencies in the officers' testimony was not so egregious as to warrant setting aside the hearing court's acceptance of the People's version of the events. The propriety of the encounter initiated by the

officers conformed to the factors enumerated in *People v De Bour* (40 NY2d 210, 223), and the People met their burden of going forward to demonstrate the propriety of the police conduct *(People v Berrios,* 28 NY2d 361, 367-368). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.