■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO GIL, Appellant. [633 NYS2d 116] —Order, Supreme Court, New York County (Brenda Soloff, J.), entered April 25, 1994, dismissing the indictment charging defendant with criminal possession of a controlled substance in the first degree and related counts, unanimously affirmed.

A review of the minutes of the Grand Jury presentation supports the court's finding that "Nothing other than defendant having been inside the apartment connects defendant to the apartment or the drugs, guns and paraphernalia. That fact alone is insufficient to allow the grand jury to find that defen-

dant had dominion and control over the contents of the apartment". Thus, the People did not meet their burden of presenting to the Grand Jury a prima facie case of criminal conduct by defendant (*People v Jennings*, 69 NY2d 103, 114). The instant facts are plainly distinguishable from those in *People v Miranda* (220 AD2d 218).

We note that the prosecutor did not instruct the grand jurors regarding the permissible statutory presumption of possession under Penal Law § 220.25 (2), which, in any event, is not applicable to these facts. Concur—Kupferman, J. P., Asch, Williams and Tom, JJ.