■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM S. BOND, Appellant. [658 NYS2d 488] —Crew III, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered April 27, 1995 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts).

On the evening of February 16, 1994, members of the City of Albany Police Department executed a search warrant at a dwelling located at 196 Livingston Avenue in the City of Albany. Although defendant resided there with his mother, he was not present at the time of the search, during the course of which the police found crack cocaine and various narcotics paraphernalia in defendant's second-floor bedroom.

As a result of the search, defendant was indicted and charged with one count of criminal possession of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the fourth degree and two counts of criminally using drug paraphernalia. Following a jury trial, defendant was found guilty as charged and sentenced, as a second felony offender, to indeterminate prison terms of $12\frac{1}{2}$ to 25 years and $7\frac{1}{2}$ to 15 years and two definite jail terms of one year, all to run concurrently. Defendant now appeals.

Initially, we reject defendant's contention that the evidence was not legally sufficient to establish the offenses charged in the indictment. The uncontroverted evidence established that cocaine, a plate, a razor blade, glassine envelopes, scales and a portion of a bill for a pager bearing defendant's name were found in defendant's bedroom and there was expert testimony that these items were indicative of an enterprise involving the distribution and sale of crack cocaine. There also was testimony that the razor, digital scales and plastic bags were used to cut, weigh and bag the cocaine for distribution, none of which would have been necessary if the cocaine was for personal use. The testimony further revealed that the cocaine weighed in excess of one eighth of an ounce. Finally, a letter to defendant was found in the bedroom stating, *inter alia*, "I truly hate to bother you but I am at a standstill. I need a slight favor from you. Could I get a twenty till tomorrow? One of my best customers need[s] it." Testimony revealed that a "twenty" refers to $20 worth of crack cocaine. Such evidence was amply sufficient to permit the jury to conclude beyond a reasonable doubt that defendant exercised dominion and control over the area where the drugs were found and supports a finding of constructive possession of narcotics with intent to sell (*see generally, People v Manini*, 79 NY2d 561, 572-573) and possession of a substance containing a narcotic drug of an aggregate weight of one eighth of an ounce, as well as criminally using drug paraphernalia.

We also reject defendant's contention that Supreme Court erred in refusing to charge the lesser included offense of criminal possession of a controlled substance in the seventh degree with regard to the first count of the indictment. While criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree, no *reasonable* view of the cited evidence would support a finding that, while defendant did commit the lesser offense, he did not commit the greater, which is the test to be applied (*see, e.g., People v Glover*, 57 NY2d 61, 63). Moreover, there was no evidence adduced at trial indicating that defendant possessed the cocaine only for personal use (*see, People v Wallace*, 170 AD2d 468, 469, *lv denied* 77 NY2d 1002).

Finally, we find defendant's contention that Supreme Court erred in failing to grant a continuance so that he could locate a witness to be without merit. Initially, we note that in order to be entitled to a continuance, the defendant must make a showing that the proof to be adduced from the missing witness would be material and favorable to the defense (*see, People v*

*Calderon*, 185 AD2d 853, *lv denied* 80 NY2d 973). This defendant failed to do and, to the extent that he tried to do so by stating that the witness's testimony would be "similar" to that of a witness who had already testified on defendant's behalf, he merely demonstrated that such proof would have been cumulative, which would not entitle him to an adjournment (*see, id.,* at 854). We have reviewed defendant's remaining contentions and find them to be equally without merit.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.