■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant. [670 NYS2d 93] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered July 1, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years, unanimously affirmed.

The court's Sandoval ruling permitting elicitation of the date and nature of defendant's two prior felony drug convictions, and precluding inquiry into any underlying facts, was an appropriate exercise of discretion. The prior convictions bore directly on credibility issues before the jury and the fact that

the crimes underlying the prior convictions were similar to the criminal sale charge herein did not insulate defendant from impeachment based thereon (*see, People v Couvertier*, 222 AD2d 239, *lv denied* 87 NY2d 971).

Defendant did not preserve his current claim that the court's ruling permitting police testimony regarding the quantity of drugs recovered from the typical drug purchaser compelled defendant to refrain from testifying, because defendant's only objection to the testimony in question was predicated on relevance (*see, People v McCall*, 88 NY2d 838). In any event, defendant's application for a *Sandoval* modification following the close of the prosecution's case belies his current claim that the ruling precluded his testimony. Further, the testimony was properly admitted as relevant to the issue of intent regarding the large quantity of drugs recovered from defendant (*see, People v Turner*, 228 AD2d 331, *lv denied* 88 NY2d 996), and to refute defendant's related claim, presented through cross-examination of the People's witnesses and in summation, that he was a drug user and not a drug seller. In any event, the court struck the testimony, as promised, immediately after defendant indicated that he would not testify or present any evidence at trial and it is presumed that the jury understood and followed the court's instruction (*People v Davis*, 58 NY2d 1102, 1104).

The court's initial and supplemental instructions to the jury regarding the definition of a sale did not determine any factual issue or indicate any bias on the part of the court, but rather were both appropriate and meaningful (*People v Malloy*, 55 NY2d 296, 301, *cert denied* 459 US 847).

We perceive no abuse of discretion in sentencing.

We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.