■ The People of the State of New York, Respondent, v Eduardo Allison, Appellant. [706 NYS2d 319] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered November 5, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The arresting officer's testimony regarding his receipt of a transmission from the undercover officer indicating a "positive buy," together with the detailed description of the seller and his location, provided ample probable cause to arrest defendant (People v Hughes, 240 AD2d 156). Defendant's argument that the prosecution was required to elicit evidence as to whether there were other people at the scene of defendant's apprehension who may have matched the description is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the People met their threshold burden of establishing the legality of the police conduct (see, People v Berrios, 28 NY2d 361, 367).

The court properly exercised its discretion in denying defendant's various baseless applications to withdraw his guilty plea. The court's denial of defendant's motion to vacate the judgment pursuant to CPL 440.10 is not properly before this Court because defendant did not seek leave to appeal. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.