■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY BERRY, Appellant. [773 NYS2d 181]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Ryan, J.), rendered July 26, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and criminal possession of a controlled substance in the third degree.

On September 30, 2000, at approximately 1:05 A.M., police officers stopped defendant's car for a traffic violation and seized him when he attempted to run away. They then retrieved a plastic bag that defendant threw away during their struggle and a loaded revolver found on the driver's side of the car's front seat. The bag contained 28 pieces of crack cocaine individually

wrapped in cellophane. Defendant was arrested and initially charged in a two-count indictment with criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree. The People announced their readiness for trial on January 26, 2001. On April 4, 2001, defendant was charged in a superseding indictment based upon the same underlying facts with one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and one count of criminal possession of a controlled substance in the third degree. Following a jury trial, defendant was convicted of each of the four counts. He now appeals.

Initially, we find that County Court did not err in permitting the police officers to testify as to whether the quantity and packaging of the cocaine were consistent with an intent to sell (*see People v Wright*, 283 AD2d 712, 714 [2001], *lv denied* 96 NY2d 926 [2001]; *People v Ramos*, 248 AD2d 334, 335 [1998], *lv denied* 92 NY2d 859 [1998]). The admissibility and extent of expert testimony is addressed to the sound discretion of the trial court and the record here demonstrates that the police officers had sufficient experience and training from which County Court could conclude that their opinions were reliable (*see People v Cronin*, 60 NY2d 430, 433 [1983]; *People v Tarver*, 292 AD2d 110, 115 [2002], *lv denied* 98 NY2d 702 [2002]). To the extent that the officers went further and actually stated that defendant intended to sell the cocaine, we find no prejudice in view of the other overwhelming evidence that defendant possessed the drugs with intent to sell rather than for his personal use (*see People v Tarver, supra* at 115).

County Court also did not err in refusing to submit the charge of criminal possession of a controlled substance in the seventh degree as a lesser-included offense of criminal possession of a controlled substance in the third degree. While it is true that one cannot commit this crime in the third degree without also committing it in the seventh degree (*see People v Bond*, 239 AD2d 785, 786 [1997], *lv denied* 90 NY2d 891 [1997]), no reasonable view of the evidence here would support a finding that defendant committed the lesser but not the greater crime (*see People v Glover*, 57 NY2d 61, 64 [1982]; *People v Bond, supra* at 786).

Equally unavailing is defendant's contention that he was denied his right to a speedy trial because more than six months elapsed between his arrest and the People's second statement of readiness for trial at the time of the superseding indictment. Since all charges in the superseding indictment were based on

the same facts as the original indictment and proof of the original charges would also establish the additional charges, we conclude that the People's first statement of readiness also satisfied the speedy trial requirement with regard to the superseding indictment (*see People v Morales*, 309 AD2d 1065, 1066 [2003], *lv denied* 1 NY3d 576 [2003]; *People v Brickley*, 306 AD2d 551, 553 [2003], *lv denied* 100 NY2d 641 [2003]).

Nor can we agree with defendant that the evidence was insufficient to establish his guilt of the charge of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [2]). Viewing the evidence in the light most favorable to the People and affording them every favorable inference (*see People v Acosta*, 80 NY2d 665, 672 [1993]; *People v Bleakley*, 69 NY2d 490, 495-496 [1987]), we find that the evidence of defendant's possession of the revolver in his vehicle, together with the presumption contained in Penal Law § 265.15 (4), established that he possessed a weapon with the requisite unlawful intent (*see People v Williams*, 1 AD3d 284, 285 [2003], *lv denied* 1 NY3d 603 [2004]; *People v Bumbury*, 194 AD2d 735, 735 [1993], *lv denied* 82 NY2d 714 [1993]).

Defendant's remaining contentions have been considered and found to be unpersuasive.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.