■ The People of the State of New York, Respondent, v Andre Diggs, Also Known as Andre P. Diggs, Appellant. [833 NYS2d 518]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered April 19, 2005, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree after cocaine was observed on the driver's seat next to him during a traffic stop. At the time of the stop, the defendant was driving the car. A computer check of the car's license plate, done just before the stop, revealed that the car's registration was suspended. The defendant contends that the court erred in denying suppression of the physical evidence.

"Issues of credibility are primarily for the hearing court and its findings are to be accorded great weight unless they are clearly erroneous. As we perceive no basis to overturn the hearing court's determination, we conclude that suppression of the contraband . . . was properly denied" (*People v Harley*, 139 AD2d 665 [1988] [citations omitted]; *see People v Baldanza*, 138 AD2d 722, 724 [1988]; *cf. People v Lastorino*, 185 AD2d 284, 285 [1992]).

The defendant's contention that the traffic stop was improper and merely pretextual is also without merit. "The stop was based upon information from a police computer run that the defendant was driving a vehicle with a suspended registration . . . Under such circumstances, the police officer had probable cause to arrest the defendant (*see* Vehicle and Traffic Law § 512)" (*People v Brown*, 306 AD2d 291 [2003]). Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.