(December 29, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DIAZ, Appellant. [894 NYS2d 1]—

Defendant was convicted of criminal possession of a controlled substance in the second degree after 253 packets of crack cocaine worth $3,000 were found in a hidden compartment of a minivan that was driven, but not owned, by defendant. The People prosecuted on a theory of constructive possession. We find that the evidence was legally sufficient to establish beyond a reasonable doubt that defendant knowingly and unlawfully possessed crack cocaine and that the crack cocaine he possessed weighed at least four ounces (see Penal Law § 220.18 [1]).

Moreover, we find the court properly denied defendant's motion to suppress on grounds of an illegal search. Testimony at the suppression hearing established that on July 21, 2005, Officer Angel Torres of the Manhattan Gang Squad spotted a double-parked minivan, with its engine running, at the corner of West 152nd Street and Broadway, a known drug-prone area.

Torres observed defendant exit the vehicle from the driver's seat to scrape off a Sanitation Department sticker from the vehicle's window with a razor blade. Because the vehicle was illegally double-parked in a drug-prone area, Torres approached defendant. When asked why he was double-parked, defendant replied that he was waiting for a friend who was inside the grocery store across the street. When Torres asked defendant to move the vehicle, defendant replied that his friend would return from the store in five minutes. Torres testified that defendant had a calm demeanor.

Nevertheless, when the friend failed to return, Torres became suspicious, and believing that drug activity was taking place, asked defendant to show him paperwork for the vehicle. When defendant opened the door to reach into the minivan, Torres, who was standing behind defendant, looked inside the vehicle with a flashlight held on defendant's hands in order to ensure his safety. In doing so, Torres leaned partially into the vehicle.

Torres then observed two $100 bills near the center console of the vehicle and also a small one-inch bag. Although the bag was empty, there appeared to be green particles in the bag which Torres believed to be marijuana. Torres did not smell any marijuana odor coming from the car but based on his observation, he asked defendant to step out of the vehicle.

After confirming that the small bag had contained marijuana, Torres searched the glove compartment and recovered nine new crack pipes, prescription drugs and registration papers. The prescription drugs were not in defendant's name. Moreover, the minivan was registered to a person of a different name but it had not been reported stolen.

At that point, Torres searched the vehicle, and by tugging on the right passenger air bag compartment, he noticed velcro material and determined there was a possibility of concealed items. Upon further searching, Torres discovered 253 bags of crack cocaine hidden in the compartment, whereupon he arrested defendant. After the arrest, defendant changed his story and told Torres that he had borrowed the minivan to buy "weed" and that he had nothing else to say. Torres further testified that he established that defendant lived just two blocks away from where he had double-parked the minivan.

On August 31, 2005, a New York County grand jury handed up an indictment against defendant charging him with criminal possession of a controlled substance in the second and third degrees. Defendant moved to suppress the evidence seized from the minivan.

On October 31, 2005, the trial court held a suppression hear-

ing, at the conclusion of which the court denied defendant's motion, finding that Torres was credible and acted reasonably when he testified that he leaned into the minivan to ensure his own safety.

In November 2005, after a jury trial, defendant was convicted of second-degree possession of a controlled substance, the only count submitted to the jury, pursuant to Penal Law § 220.18 (1). On February 8, 2006, defendant was sentenced to seven years of imprisonment and five years of postrelease supervision.

On appeal, defendant argues that the trial court erroneously denied his motion to suppress since Torres lacked probable cause when he partially entered into the vehicle while defendant looked for paperwork. Thus, he argues, the search was illegal. Additionally, defendant claims that since he did not own the minivan and did not act suspiciously when being questioned by Torres, and that the drugs found by Torres were in a hidden compartment not visible to the naked eye, the evidence at trial was legally insufficient to establish the elements of criminal possession of a controlled substance beyond a reasonable doubt.

For the reasons set forth below, we affirm the trial court's judgment. In determining whether police conduct was proper, the Court must look at the "totality of the circumstances" (*Matter of Michael J.*, 270 AD2d 181 [2000], *lv denied* 94 NY2d 762 [2000]). In the first instance, the prosecution must show the legality of the police conduct in question (*see People v Allison*, 270 AD2d 148 [2000], *lv denied* 95 NY2d 792 [2000]). However, the defendant still "bears the ultimate burden of proving that the evidence should not be used against him" (*People v Berrios*, 28 NY2d 361, 367 [1971]). Also, "[i]t is fundamental that the determination of the hearing court should not be set aside unless clearly unsupported by the record" (*People v Spencer*, 188 AD2d 408, 408 [1992], *lv denied* 81 NY2d 893 [1993]).

The United States Supreme Court has recognized that "if there is a criminal suspect close enough to the automobile so that he might get a weapon from it . . . the police may make a search of appropriately limited scope" (*Coolidge v New Hampshire*, 403 US 443, 461 n 18 [1971]). Finally, we have already held that an officer's use of a flashlight to view the area where a defendant was reaching with his hands, did not involve an unreasonable intrusion (*see People v Desir*, 138 AD2d 236, 237 [1988]).

In the case at bar, defendant challenges Torres's act of leaning into the vehicle with a flashlight. Torres leaned into the vehicle due to a safety concern to ensure that defendant was not reaching for something else besides the paperwork that Torres

had requested. Defendant, at that time, had been double-parked with the engine running at a drug-prone location and the excuse that defendant gave Torres, that he was waiting for a friend, appeared to be false since the friend never turned up during the time Torres waited with defendant. Torres's entry into the vehicle was only partial and, thus, limited to his upper torso, head and flashlight, which he focused on defendant's hands. The totality of the circumstances therefore warrants a finding that Torres's limited intrusion was justified since he was trying to ensure his own safety. Therefore, the court properly denied defendant's motion to suppress the evidence.

Defendant further argues that the evidence was legally insufficient to prove criminal possession of the crack cocaine which had been hidden out of sight in an air bag compartment of a vehicle he occupied but did not own. We find this argument to be without merit.

In order to sustain a charge of criminal possession of controlled substance in the second degree, the prosecution must establish that defendant "knowingly and unlawfully possesse[d]" at least four ounces of a controlled substance (Penal Law § 220.18 [1]). Where the issue is one of constructive possession, the People must show that the defendant exercised knowing "dominion and control" over the property by a sufficient level of control over the area in which the contraband was found (*People v Manini*, 79 NY2d 561, 573 [1992]). Constructive possession also can be demonstrated by a defendant's "presence under a particular set of circumstances" from which a jury may infer possession (*People v Bundy*, 90 NY2d 918, 920 [1997]).

In this case, we find that the verdict is based on legally sufficient evidence. The uncontroverted evidence clearly established that defendant had actual possession of the vehicle and keys, and that he was the sole occupant and driver. First, he was sitting in the driver's seat with the engine running, then upon exiting the vehicle he attempted to remove a parking-violation sticker on the minivan with a razor blade. As the People assert, his attempt to remove the sticker reflected his dominion and control over the vehicle. Moreover his dominion became especially apparent when his alleged friend failed to return to the minivan, which contained at least $200 on the center console and a significant amount of drugs.

We do not agree that defendant's calm demeanor precludes a finding of guilt beyond a reasonable doubt. Indeed, in a case cited by defendant himself, the Fifth Circuit has held that, "[a]mong the types of behavior . . . recognized as circumstantial evidence of guilty knowledge are . . . absence of nervousness,

i.e., a cool and calm demeanor" (*United States v Ortega Reyna*, 148 F3d 540, 544 [1998]). Furthermore, the facts that defendant was not the owner of the minivan and that the crack cocaine was hidden would require this Court to accept the absurd conclusion that the owner of a minivan that held $3,000 worth of crack cocaine casually loaned the vehicle to defendant so he could drive two blocks to buy marijuana. The jury correctly rejected such an absurdity. Its verdict, moreover, is consistent with our determination in *People v Caba* (23 AD3d 291, 292 [2005], *lv denied* 6 NY3d 810 [2006]), where we found that the jury "reasonably concluded that a person in possession of a large and valuable quantity of drugs would not permit another person to be in close proximity [to such drugs] unless they were both part of the same criminal enterprise and were joint possessors." Concur—Gonzalez, P.J., Nardelli and Catterson, JJ.

Moskowitz and Renwick, JJ., dissent in a memorandum by Renwick, J., as follows: A jury found defendant guilty of criminal possession of a controlled substance based upon the People's theory that he constructively possessed 253 bags of crack cocaine that had been expertly hidden in the air bag compartment of an automobile he occupied but did not own. The majority properly denies suppression of the evidence as fruit of an illegal police intrusion. I disagree, however, with the majority's determination that in this wholly circumstantial evidence case, where the evidence implicates the owner of the minivan as much as the person in possession of the vehicle, the proof was sufficient to establish constructive possession of contraband. Accordingly, I respectfully dissent.

The relevant facts are as follows: The People's evidence at trial consisted entirely of the testimony of Police Officer Angel Torres. On July 21, 2005, Officer Torres was on patrol with his partner, as part of the Manhattan Gang Squad. At about 3:30 P.M., Torres observed defendant sitting in the driver's seat of a double-parked minivan, with the engine running, at the corner of West 152nd Street and Broadway. Officer Torres's initial concern arose from the fact that defendant's vehicle was double-parked even though parking was available at the next intersection. Defendant exited the vehicle to remove a Sanitation Department sticker from its window, and when Officer Torres asked defendant why he was double-parked, defendant replied that he was waiting for a friend who just went into a store across the street.

Officer Torres found defendant to be acting in a normal manner. After conversing with defendant for a few minutes and noticing that defendant's friend failed to appear, Officer Torres

asked defendant to produce the paperwork for the minivan. Defendant readily complied. When defendant went into the minivan to retrieve the requested documents, Officer Torres leaned in behind with a flashlight. The officer observed an empty bag, which he later determined contained remnants of marihuana, and two $100 bills. Officer Torres then found nine crack drug pipes and two prescription bottles in the glove compartment. Upon further investigation, Officer Torres also recovered 253 bags of crack cocaine from a secret air bag compartment. According to Officer Torres, the drug concealment had been expertly done so that it would not have been visible to the average person.

The name on the van's registration, Brian Anderson, was confirmed by a computer search. It was further confirmed that the vehicle was not stolen. However, rather than investigate this evidence, Officer Torres summarily concluded that the owner was not relevant to his case, and he never investigated, contacted or tried to locate Anderson in any way. Likewise, Officer Torres never attempted to locate the people named on the prescription bottles. The officer did not find anything in the car with defendant's name or other property belonging to him.

Fifteen minutes transpired from the time Torres first stopped defendant until his arrest, but the arresting officers never looked for defendant's friend in the bodega. Again, the officers concluded that the crack pipes belonged to defendant. Officer Torres interviewed defendant after his arrest, at which time defendant stated that he had borrowed the car to buy weed and had nothing further to tell the officer. Officer Torres failed to write this statement down and never asked defendant for details about his planned purchase.

Defendant presented no evidence at the trial. Instead, at the close of the People's case, his counsel moved to dismiss on sufficiency grounds, which Supreme Court denied. Defendant correctly contends that, based on the meager evidence presented against him, at the close of the People's case, no basis was established upon which the jury could find that he had constructive possession of the contraband.

To meet their burden under the theory of constructive possession, the People must present evidence that "the defendant exercised 'dominion or control' over the property" (*People v Manini*, 79 NY2d 561, 573 [1992], quoting Penal Law § 10.00 [8]). Constructive possession requires that the defendant know of the location of the drugs and be able to exercise dominion and control over them, together with the intent to exercise such dominion and control (*People v Edwards*, 206 AD2d 597, 597

[1994], *lv denied* 84 NY2d 907 [1994]), and not merely that the defendant had access to the contraband (*People v DeJesus*, 44 AD3d 464 [2007], *lv denied* 10 NY3d 763 [2008]). Thus, constructive possession requires knowledge coupled with the ability to exercise dominion and control over the area in which the contraband is found (*id.*).

Here, it is incontrovertible that the contraband was found expertly hidden in the air bag compartment of the minivan of which defendant had possession but no ownership. Additionally, there is no evidence that there was any bulge or discoloration or smell that may raise one's suspicion that the area was anything other than an ordinary air bag compartment. Defendant's ability to exercise control over the vehicle and his brief presence in the vehicle are insufficient, at least under the circumstances of this case, to establish constructive possession of the hidden contraband.

Initially it should be pointed out that the People did not, and could not, rely solely on defendant's presence in the vehicle to support the theory of constructive possession. The law is abundantly clear that evidence of a defendant's mere presence in the location where drugs are found is not sufficient evidence of constructive possession (*People v Headley*, 74 NY2d 858, 859 [1989] ["The People presented no evidence of defendant's dominion and control over the contraband. Proof that the premises were used for drug dealing was not sufficient to establish that defendant himself was guilty of unlawful drug and weapons possession"]; *see also People v Brown*, 240 AD2d 675 [1997] [defendant, girlfriend of apartment's lessee, merely present when contraband discovered during execution of search warrant in apartment]; *People v Gil*, 220 AD2d 328, 328 [1995] ["Nothing other than defendant having been inside the apartment connects defendant to the apartment or the drugs"]).

Moreover, where the contraband is found in a place to which the accused and others have access and over which none had exclusive control, courts have shown reluctance to infer constructive possession of contraband by one occupant where there is evidence in the record explicitly linking contraband to another individual (*see e.g. People v Huertas*, 32 AD3d 795 [2006] [defendant's conviction was reversed because there was legally insufficient evidence to establish that defendant exercised dominion and control over contraband found in the garage; given that defendant was standing inside a garage entryway when police entered the garage, People failed to connect defendant to marihuana operation, which was located in two rooms of the garage]). Instead, in such a scenario, there

must be additional independent conduct by the defendant indicating intent to exercise dominion and control over the contraband (*see e.g. People v Leader*, 27 AD3d 901 [2006]).

For example, in *People v Burns* (17 AD3d 709 [2005]), the Court found that the evidence was insufficient to establish defendant's constructive possession of bags of drugs found in the trunk of the vehicle in which he was a passenger, which was required to support conviction of criminal possession of marihuana. There, the driver testified that he left the key in the car, as instructed, upon arrival at the casino and that he did not know what occurred in the parking lot while he was inside the casino. Instead, he noticed that both defendant and the back seat passenger were absent from the casino for about an hour and saw them return together, but he never saw bags before he left the casino and could not state who had placed them in the trunk. Defendant was not the owner or operator of the vehicle, and the only car key was in the driver's possession. The Court found such evidence insufficient to establish that the defendant participated in conduct establishing intent to exercise dominion and control over the contraband (*id*. at 710-711).

In this case, nothing in the evidence ties the contraband hidden in the air bag compartment to defendant as opposed to the owner of the minivan. There is absolutely no evidence with regard to the period of defendant's possession of the minivan prior to the police encounter. Essentially, all the People presented in this case was the contraband that the police discovered in the hidden air bag compartment of the minivan, in which defendant was present for a brief period of time and to which defendant had access but did not own. To permit a defendant to be convicted on such meager evidence comes perilously close to endorsing guilt by presence at the scene of the contraband, a concept courts have persistently disavowed (*see e.g. People v Headley*, 74 NY2d at 859; *People v Brown*, 240 AD2d at 675-676; *People v Gil*, 220 AD2d at 328-329).

Contrary to the prosecutor's contention, the circumstances of defendant's arrest warranted no more than speculation that he may have been involved in the drug trade. Indeed, at no time prior to the arrest did the arresting officer observe defendant engage in any type of activity indicating that he was engaged in the drug trade. The only items the police found in the vehicle were two $100 bills and nine crack pipes. Neither of these items constitutes paraphernalia customarily identified with the drug trade, as compared to drug use, such as large amounts of money or agents used for cutting cocaine (*see e.g. People v Bond*, 239 AD2d 785 [1997], *lv denied* 90 NY2d 891 [1997] [testimony that

razor, digital scales and plastic bags were used to cut, weigh and bag the cocaine for distribution, none of which would have been necessary if the cocaine was for personal use]).

The prosecutor and the majority herein, however, characterize as "absurd" that the owner of the minivan would place such a large quantity of contraband in a vehicle and then casually lend it to defendant with that precious cargo inside. Such characterization would have been compelling if the drugs had been placed in an area readily discoverable by an unsuspecting passenger or driver. The argument, however, loses its persuasiveness where, as here, the drugs were placed in a hidden compartment and, as Officer Torres testified, had been so expertly concealed as to be undetectable by the average layperson. Rather, in the absence of any evidence with regard to the period of defendant's possession of the minivan vis-à-vis the owner's possession prior to the police discovery of the contraband, the expertly hidden compartment implicates the owner of the minivan as much as the person in possession of the vehicle. To convict here there must be evidence to preclude the possibility that the contraband was put in the hidden compartment by the owner of the car without defendant's knowledge. The People's evidence does nothing to exclude this possibility.

Indeed, while it appears that no New York State appellate case has examined a conviction for constructive possession of contraband under a factual scenario similar to this case, cases from other courts provide persuasive authority for the conclusion that the evidence adduced at trial was insufficient to sustain defendant's conviction. For instance, in *Commonwealth v Movilis* (46 Mass App Ct 574, 707 NE2d 845 [1999]), a Massachusetts appeals court determined that the Commonwealth had failed to prove that the defendant was in possession of a large amount of cocaine found in the vehicle he had been driving, which he had parked outside a café. The defendant and his passenger exited from the vehicle and entered the establishment. The police followed him inside, where they observed, in plain view, a small quantity of cocaine on a table in front of the defendant. The police escorted him outside, obtained his car keys, searched the vehicle, and found a large quantity of cocaine hidden inside an electronically controlled, secret compartment built into the rear portion of the front passenger seat. The court found significant that the prosecution, like the People in this case, offered no evidence of the connection between the defendant and the registered owner of the vehicle, nor did it establish any link between the cocaine in the automobile and the traces of cocaine found in the café. On these facts, the appeals court

concluded, the Commonwealth had not established that the defendant had knowledge of either the existence or contents of the secret compartment, and therefore possession had not been proved.

Similarly, the United States Fifth Circuit, in a factual scenario analogous to this case, held in *United States v Ortega Reyna* (148 F3d 540 [1998]) that the circumstantial evidence did not, as a matter of law, support a finding that the defendant knowingly possessed illegal drugs found in a hidden compartment of a borrowed truck's tire. There, the Fifth Circuit preliminarily noted that the agents' observations of alleged nervousness or lack of composure of a person they are detaining "provides equal circumstantial support for a finding of either guilt or innocence." (*Id.* at 545.) The Fifth Circuit went on to hold the evidence insufficient to establish knowledge of the concealed marihuana where the vehicle had been borrowed by the defendant, the defendant hesitated briefly before answering questions about the marihuana, the tire containing the marihuana was noticeably larger than the other three, the defendant was in possession of over $700 in cash, and the defendant and his wife gave essentially consistent accounts of their travel destination and purpose (*id.* at 546-547).

In a case that rests solely upon circumstantial evidence of constructive possession (*see People v Torres*, 68 NY2d 677 [1986]), the test of legal sufficiency is a stringent one. It requires the court, while viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference to be drawn therefrom (*see* CPL 290.10 [1] [a]; 70.10 [1]; *People v Way*, 59 NY2d 361, 365 [1983]; *People v Marin*, 102 AD2d 14, 27-28 [1984], *affd* 65 NY2d 741 [1985]), to determine whether the facts from which the inference of guilt is to be drawn are inconsistent with innocence and exclude every reasonable hypothesis of innocence (*see People v Giuliano*, 65 NY2d 766 [1985]; *People v Marin*, 102 AD2d at 27).

In sum, like in *Movilis* and *Ortega Reyna*, no matter how suspicious the facts might appear to be in this case, the People failed to present substantial, competent evidence inconsistent with the reasonable hypothesis that the owner of the van placed the cocaine in the hidden compartment of the car without defendant's knowledge. Rather, the meager evidence presented here makes it more likely that the drugs belonged to the owner than the driver. It was therefore entirely consistent with defendant's statement that he borrowed the van without knowledge that it contained hidden cocaine, and it warranted no more than speculation that defendant exercised dominion and control

over the drugs hidden in a secret compartment of another person's vehicle. Accordingly, the judgment of conviction should be reversed and the indictment dismissed.