OPINION OF THE COURT
Lynn R. Kotler, J.
Defendants Imran Robinson and Kevin Milwood are charged *1052 with criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01 (1) and possession of ammunition in violation of Administrative Code of the City of New York § 10-131 (i) (3).
Robinson moves: (1) for an order dismissing the complaint for failing to comply with CPL 100.15 (3) and 100.40 (4) (a), (b); (2) for an order dismissing the complaint pursuant to CPL 170.30 (1) (e) and 30.30 (1) (b); (3) for a Payton hearing; (4) for an order suppressing any statements made by the defendant, or in the alternative, a Huntley hearing; (5) a Sandoval hearing; (6) for an order directing the People to turn over exculpatory evidence; and (7) for an order granting leave to make further motions. The People oppose the motion.
Milwood moves to suppress physical evidence and statements made by him. The People oppose this motion as well.
Because the court’s resolution of each motion impacts the other, the court hereby consolidates these motions for its consideration and disposition in a single decision and order.
For the reasons that follow, the information must be dismissed for facial insufficiency.
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged (CPL 100.15 [3]; 100.40 [1] [b]; 70.10). These facts must be supported by nonhearsay allegations which, if true, establish every element of the offenses charged (CPL 100.40 [1] [c]). An information which fails to satisfy these requirements is jurisdictionally defective (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]).
In reviewing an accusatory instrument for facial sufficiency, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give it “a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). All that is required to survive a motion to dismiss for facial insufficiency are factual allegations of an evidentiary character which tend to support the charges (People v Allen, 92 NY2d 378, 385 [1998]).
The accusatory instrument states in pertinent part:
“Deponent is informed by LT John Fitzpatrick of 47 *1053 PCT, Shield No. 0000, that at the above time and place, defendants were acting in concert in that he observed each defendant inside the living room of said location and he further observed defendants to have within their custody an [sic] control, one (1) Marlin Firearms 30/30 rifle containing one (1) shell casing, and one (1) box contining [sic] nineteen (19) live rounds of Remington rifle cartridges (each round is a metal casing topped with a metal projectile), in that said items were in open view, on top of the living room table.”
Under Penal Law § 265.01 (1), a person is guilty of criminal possession of a weapon in the fourth degree when “[h]e or she possesses any firearm.” To “possess” means to have physical possession or to otherwise exercise dominion and control over tangible property (Penal Law § 10.00 [8]). An element of the crime of possession of a weapon is the defendant’s awareness of his possession (People v Cohen, 57 AD2d 790 [1st Dept 1977]).
Administrative Code § 10-131 (i) (3) provides that “[i]t shall be unlawful for any person not authorized to possess a pistol or revolver within the city of New York to possess pistol or revolver ammunition, provided that a dealer in rifles and shotguns may possess such ammunition.”
Here, the People do not allege that the defendants had actual possession of the subject weapon and ammunition. Rather, the People claim that the defendants had constructive possession of same because they were in the living room where the weapon and ammunition were in open view on top of the living room table. Therefore, “the People must show that the defendant^] exercised ‘dominion or control’ over the property by a sufficient level of control over the area in which the contraband is found” (People v Manini, 79 NY2d 561, 573 [1992] [citations omitted]). Constructive possession requires more than a defendant’s mere presence in a location where contraband is recovered because it fails to provide reasonable cause to believe that the defendant exercised dominion and control over the areas in which the contraband was found (see People v Pearson, 75 NY2d 1001 [1990]).
The alleged facts do not provide reasonable cause to believe that the defendants knowingly possessed the weapon or ammunition under a theory of constructive possession (see People v Manini, 79 NY2d 561, 573 [1992]; cf. People v Tirado, 47 AD2d 193 [1st Dept 1975]; see also People v Brown, 181 AD2d 1041 *1054 [4th Dept 1992]). The People have not alleged that the defendants owned or resided in the premises where the weapon and ammunition were recovered. Otherwise, the information is devoid of any facts from which the defendants’ possession can be inferred, i.e., that the weapon was in the defendants’ reach (see People v Diaz, 68 AD3d 642 [1st Dept 2009], citing People v Bundy, 90 NY2d 918 [1997]).
The court rejects the People’s argument that they have established the element of possession based upon Lieutenant Fitzpatrick’s observation that the defendants were in “custody and control” of the weapon and ammunition. This is a conclusory assertion and is not supported by facts of an evidentiary character (CPL 100.15 [3]).
Accordingly, Robinson’s motion to dismiss for facial insufficiency is granted. Because the charges against Milwood suffer from the same defects, the information against him is dismissed as well. In light of the court’s decision, the defendants’ remaining arguments and requests for relief are denied as moot.
The People have leave to refile the charges in accordance with this decision and consistent with CPL 30.30 and 170.30 (People v Nuccio, 78 NY2d 102 [1991]).
Conclusion
In accordance herewith, it is hereby ordered that defendant Robinson’s motion to dismiss for facial insufficiency is granted; and it is further ordered that the information as against defendants Robinson and Milwood is dismissed in its entirety; and it is further ordered that the defendants’ motions are otherwise denied; and it is further ordered that the People have leave to refile the charges in accordance with this decision and consistent with CPL 30.30 and 170.30.
Any requested relief not expressly addressed by the court has nonetheless been considered and is hereby denied.