[962 NE2d 252, 938 NYS2d 831]

The People of the State of New York, Respondent-Appellant,
v Akinlowo Omowale, Appellant-Respondent.

Decided December 13, 2011

**APPEARANCES OF COUNSEL**

*Office of the Appellate Defender*, New York City (*Rosemary Herbert* and *Richard M. Greenberg* of counsel), for appellant-respondent.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Andrew E. Seewald* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

MEMORANDUM.

On defendant's appeal pertaining to his September 2006 arrest, the order of the Appellate Division should be affirmed. The People's appeal regarding his May 2007 arrest should be

dismissed on the ground that the reversal by the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90 [2] [a]).

■ The Appellate Division's determination that the police reasonably could have concluded that a weapon was located in defendant's vehicle during the September 2006 traffic stop and that the situation presented an actual and specific danger to the safety of the officers (*see e.g. People v Mundo*, 99 NY2d 55, 59 [2002]; *People v Torres*, 74 NY2d 224, 231 n 4 [1989]) was a mixed question of law and fact for which there is support in the record (83 AD3d 614 [2011]). The court's determination is therefore beyond our further review (*see e.g. People v Williams*, 17 NY3d 834, 835 [2011]).

■ With regard to the May 2007 traffic stop, the Appellate Division reversed and ordered suppression of the seized evidence. It rejected the People's assertion that there was probable cause to believe that defendant committed attempted criminal impersonation in the second degree. It further concluded that the facts did not provide probable cause to arrest defendant for criminal possession of stolen property because he was taken into custody before the officers learned that the license had been reported missing. It cannot be said that the reversal was "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90 [2] [a]). Consequently, the People's appeal from that portion of the Appellate Division's order must be dismissed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), on defendant's appeal, order affirmed, and People's appeal dismissed, in a memorandum.