Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at suppression hearing; Lewis Bart Stone, J., at plea and sentencing), rendered November 29, 2012, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations.
In making a lawful traffic stop, the police observed defendant making movements that suggested he was removing an item from his waistband and placing it in the center console. In addition, defendant was twisting his body and moving back and forth. Additional suspicious factors were defendant’s failure to respond to the officers’ repeated attempts to pull over his car, and, after finally being pulled over, his failure to respond to an officer’s repeated requests for his license and registration.
The totality of the information available to the officers supported a reasonable conclusion that there was a weapon in the center console that posed an actual, specific danger to their safety, thus justifying a protective search (see People v Mundo, 99 NY2d 55, 57-59 [2002]; People v Omowale, 83 AD3d 614, 617 [1st Dept 2011], affd 18 NY3d 825 [2011]; People v Anderson, 17 AD3d 166, 168 [1st Dept 2005]). Furthermore, the intrusion was very limited, as the officer focused only on the center console toward which he had seen defendant move, and he saw the grip of a pistol protruding from the console when he opened the car door. Concur — Sweeny, J.E, Renwick, Moskowitz, Richter and Gische, JJ.