People v Key (2024 NY Slip Op 50285(U))

[*1]

People v Key (Timothy)

2024 NY Slip Op 50285(U)

Decided on March 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570566/19

The People of the State of New York, Respondent,
against
Timothy Key, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Tara A. Collins, J.), rendered July 30, 2019, convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Tara A. Collins, J.), rendered July 30, 2019, reversed, on the law, and the accusatory instrument dismissed. 
The accusatory instrument charging criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03) was jurisdictionally defective. The instrument recited, in relevant part, that when police entered apartment 3F at a specified address pursuant to a search warrant, a "separately apprehended Amanda Montalvo opened the door" and defendant was "inside a bedroom"; and that police recovered marijuana and Xanax from a hall closet, a shoe box on the kitchen floor, and from the top of an entertainment center.
These facts, even when taken together with all reasonable inferences which can be drawn from those facts (see People v Jackson, 18 NY3d 738, 747 [2012]), were insufficient to demonstrate reasonable cause to believe that defendant constructively possessed the contraband, i.e. that he had dominion and control over the area where it was located (see Penal Law §§ 220.03, 10.00[8]; People v Manini, 79 NY2d 561, 573 [1992]). Absent allegations that defendant resided in the premises, frequented it on a regular basis, or was engaged in any drug-related activity there (see People v Pearson, 75 NY2d 1001, 1002 [1990]; People v Dawkins, 136 AD2d 726, 727 [1988]), his mere presence at the apartment when contraband was discovered during execution of a search warrant was insufficient to demonstrate reasonable cause to believe that he exercised dominion or control over the contraband (see People v Headley, 143 AD2d 937 [1988], affd 74 NY2d 858 [1989]; see also People v Brown, 240 AD2d 675 [1997] [defendant, girlfriend of apartment's lessee, was merely present when contraband discovered during execution of search [*2]warrant in apartment]; People v Gil, 220 AD2d 328 [1995] ["Nothing other than defendant having been inside the apartment connects defendant to the apartment or the drugs"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 19, 2024