People v Walls (2025 NY Slip Op 03536)

People v Walls

2025 NY Slip Op 03536

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Ind. No. 1120/19|Appeal No. 4559|Case No. 2022-05282|

[*1]The People of the State of New York, Respondent,
v
Christopher Walls, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nkechi N. Erondu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alvin M. Yearwood, J. at suppression hearing; Martin Marcus, J. at trial and sentencing), rendered October 21, 2022, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 10 years incarceration and 5 years post release supervision, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are afforded great deference (see People v Diaz, 68 AD3d 642, 644 [1st Dept 2009], affd 15 NY3d 764 [2010]). The court credited the officers' testimony that while on patrol in an unmarked vehicle in Bronx County, they observed a vehicle in which defendant and others were seated, that was double-parked on the road, in violation of Vehicle and Traffic Law § 1202(a)(1)(a). No evidence was presented that anyone was boarding the vehicle or that any of the passengers in the vehicle were being discharged. Therefore, none of the limited exceptions permitting temporary double-parking under section 1202 of the Vehicle and Traffic Law would be apply. The officers thus had a lawful basis to approach the vehicle (see People v Omowale, 83 AD3d 614, 618 [1st Dept 2011], affd on other grounds 18 NY3d 825 [2011]; see also People v Ocasio, 85 NY2d 982, 984 [1995]; People v Ruiz, 100 AD3d 451, 451 [1st Dept 2012], lv denied 20 NY3d 1065 [2013]).
Upon approaching the vehicle one of the officers looked into the rear compartment, where defendant and one of his co-defendants were seated and observed what appeared to be the butt of a firearm jutting from a pocket on the rear of the front passenger seat. He alerted a fellow officer who was standing by the driver side of the car, and at that point all the occupants of the vehicle were removed. The second officer illuminated the rear passenger compartment of the vehicle with his flashlight and "could also see the butt of a firearm sticking out from the back pocket [in] the car," confirming the first officer's observation and thereafter recovered a revolver from the front seat rear pocket.
The officers properly seized the initial firearm that was in plain view, as they were in a lawful position to observe the firearm (People v Messano, 41 NY3d 228 [2024]; People v Brown, 96 NY2d 80 [2001]).
We perceive no basis for reducing the sentence considering defendant's criminal record which includes two felony convictions, for second-degree robbery in 2012 and third-degree burglary in 2014. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025