People v Taylor (2025 NY Slip Op 06912)

People v Taylor

2025 NY Slip Op 06912

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Ind No. 879/21|Appeal No. 5350|Case No. 2022-01402|

[*1]The People of the State of New York, Respondent,
v
David Taylor, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca J. Gannon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura Ward, J., at suppression hearing; James Burke, J., at plea and sentencing), rendered March 15, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of three years, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). The record is clear that defendant understood the proceedings and that he had discussed his case with counsel, and counsel confirmed that he was confident defendant understood the waiver's implications, demonstrating "a full appreciation of the consequences of [the] waiver" (People v Bradshaw, 18 NY3d 257, 264 [2011]).
Defendant's valid waiver of his right to appeal forecloses review of his suppression claims (see People v Walker, 206 AD3d 541, 541 [1st Dept 2022], lv denied 38 NY3d 1191 [2022]). In any event, the court properly denied defendant's motion to suppress the gun recovered from his waist. The police officers had reasonable suspicion to stop and detain defendant based on the description provided in the radio call, as well as their observations and the face-to-face encounter with an informant, an MTA employee, who signaled towards her waist and said, "it's in his waistband" (People v Ward, 161 AD3d 520, 521 [1st Dept 2018], lv denied 32 NY3d 942 [2018]; People v Brown, 288 AD2d 152, 152 [1st Dept 2001], lv denied 97 NY2d 727 [2002]). Further, the record supports the court's credibility determinations (People v Diaz, 68 AD3d 642, 644 [1st Dept 2009], affd 15 NY3d 764 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025