People v Jones (2026 NY Slip Op 00843)

People v Jones

2026 NY Slip Op 00843

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Ind. No. 1120/19, 70626/21|Appeal No. 5822-5822A|Case No. 2022-03041|

[*1]The People of the State of New York, Respondent,
vDaevon Jones, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Elizabeth Batkin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph Tucker of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Alvin M. Yearwood, J. at suppression hearing; Martin Marcus, J. at plea and sentencing), rendered June 23, 2022, as amended March 29, 2023, convicting defendant of criminal possession of a weapon in the second degree and attempted criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of three and one-half years followed by three and one-half years of postrelease supervision, and two and one-half years followed by two and one-half years of postrelease supervision, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). The court's oral colloquy adequately clarified that the right to appeal was "separate and distinct" from the rights automatically forfeited by a plea of guilty (see id. at 561-562; People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Correa, 228 AD3d 409, 410 [1stDept 2024], lv denied 42 NY3d 1079 [2025]). Defendant's valid waiver forecloses review of his suppression and excessive sentence claims (see People v Bawa, 234 AD3d 601, 602 [1st Dept 2025], lv denied 43 NY3d 943 [2025]).
As an alternative holding, we find that the court properly denied defendant's suppression motion (see People v Walls, 239 AD3d 485, 485 [1st Dept 2025], lv denied 44 NY3d 1029 [2025]). We find no basis to disturb the court's credibility determinations. In addition, the evidence established that defendant and others were seated in a double-parked car on the road, in violation of Vehicle and Traffic Law § 1202(a)(1)(a), and the evidence failed to show that any of the limited exceptions permitting temporary double-parking applied; thus, the officers had a lawful basis to approach the vehicle (see Walls, 239 at 485; People v Omowale, 83 AD3d 614, 618 [1st Dept 2011], affd on other grounds 18 NY3d 825 [2011]). Upon approaching, a police officer observed what appeared to be the butt of a firearm jutting from the rear pocket of the front passenger seat. When another officer entered the car to confirm that observation, he felt a second firearm in a jacket draped over the rear driver's side seat. Accordingly, both firearms were lawfully recovered (see People v Blasich, 73 NY2d 673, 678 [1989]).
We also perceive no basis for reducing the sentence.
Finally, although defendant is correct that his terms of three and one-half years and two and one-half years of postrelease supervision merge by operation of law, resulting in an aggregate term of three and one-half years, and requiring the Department of Corrections and Community Supervision to compute his sentence accordingly (see Penal Law § 70.45[5][c]), this does not render the sentence illegal, or require action by this Court (see People v Vidro, 155 AD3d 501, 501 [1st Dept 2017], lv denied 30 NY3d 1109 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026