OPINION OF THE COURT
Memorandum.
The appeals should be dismissed for failure to fulfill the requirements of CPL 450.90 (2) (a).
The Appellate Division, with two Justices dissenting, determined that Supreme Court should have suppressed the showup identification of defendant William Brown (115 AD3d 38 [1st Dept 2014]) and the showup identification of and property seized from defendant Patrick Thomas (115 AD3d 69 [1st Dept 2014]) because the police lacked reasonable suspicion to stop and detain them. Accordingly, the Court reversed the judgment of conviction and sentence in each case, granted defendants’ respective motions to suppress and remanded for a new trial preceded by an independent source hearing. In each case, one of the dissenting Justices granted the People leave to appeal to us (2014 NY Slip Op 66369 [U] [1st Dept 2014]; 2014 NY Slip Op 66368 [U] [1st Dept 2014]).
Whether the circumstances of a particular case rise to the level of reasonable suspicion presents a mixed question of law and fact (see e.g. People v Howard, 74 NY2d 943 [1989] [dismissing an appeal from an Appellate Division order of reversal involving the mixed question of whether the police harbored a reasonable suspicion that the defendant was about to commit a crime]). Because the Appellate Division’s reversals were thus not “on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal” (CPL 450.90 [2] [a]), these appeals are not authorized to be taken.
While acknowledging that “determinations as to reasonable suspicion typically present a mixed question of law and fact,” the dissent cites People v McRay (51 NY2d 594 [1980]) for the proposition that these cases instead involve a straight-up question of law — namely, “the minimum showing necessary to establish reasonable suspicion” (dissenting op at 976 [internal quotation marks omitted]). In McRay, though, the Appellate Division reversed the suppression court on the ground that the People’s proof was insufficient as a matter of law to support probable cause to arrest (id. at 605). When we disagreed and reversed, we therefore remitted to the Appellate Division for *976 factual review, emphasizing that an inference of probable cause was permitted, but not required, on the facts established (id. at 605-606). Here, by contrast, the Appellate Division reversed the suppression court because, when exercising its independent fact-finding powers, it drew a different inference from the established facts, thus deciding a mixed question of law and fact. The dissenting Judge strongly disagrees with the Appellate Division. But the views of individual Judges of this Court on the merits of defendants’ suppression motions are beside the point because the Criminal Procedure Law simply does not vest us with jurisdiction to entertain these appeals.