Rivera, J.
(dissenting). The appeal should be dismissed for lack of jurisdiction under CPLR 5601 (a) because the Appellate Division’s two-Justice dissent was not on a question of law. Accordingly, I would not reach the merits.
A party may take an appeal as of right from an order of the Appellate Division pursuant to CPLR 5601 (a) “where there is a dissent by at least two justices on a question of law in favor of the party taking such appeal” (CPLR 5601 [a]; Matter of Robert S., 76 NY2d 770 [1990]; see Arthur Karger, Powers of the New York Court of Appeals §§ 6:4, 6:5 at 200-207 [3d ed rev 2005]). No appeal lies where the dual dissent is on a question of fact or a mixed question of law and fact (see e.g. Matter of Daniel H., 15 NY3d 883, 884 [2010]). As the Court has explained, a mixed question is presented where “facts are disputed, where credibility is at issue or where reasonable minds may differ as to the inference to be drawn from the *98 established, facts” (People v McRay, 51 NY2d 594, 601 [1980]). The Court has consistently applied this limitation on jurisdiction to delinquency cases (see e.g. Matter of Daniel H., 15 NY3d 883, 884 [2010]; Matter of Jaquan M., 19 NY3d 1041 [2012]; Matter of Darryl C., 19 NY3d 1040 [2012]; Matter of Melissa O., 87 NY2d 916 [1996]).
In determining whether jurisdiction is properly based on CPLR 5601, this Court makes an independent assessment and is not bound by any characterizations of the grounds for the dissent contained in the Appellate Division opinion (Merrill v Albany Med. Ctr. Hosp., 71 NY2d 990, 991 [1988]). Thus, the fact that the Appellate Division majority described its decision as being made “as a matter of law” is irrevelant to whether the dissent was actually predicated on a mixed question of law and fact (see People v Holland, 18 NY3d 840, 841 [2011]). Instead, we must look to the analytical disagreement in the dissent to determine whether a question of law is presented (Feldsberg v Nitschke, 49 NY2d 636, 640 n 1 [1980]). “Where it is equivocal whether a dissent rests upon disagreement in fact or law, the dissent is not on a question of law within the meaning of CPLR 5601 (subd. [a])” (Gillies Agency v Filor, 32 NY2d 759, 760 [1973]).
This is not a case where a question of law as to the “minimum showing necessary” to establish a predicate for a search or seizure is presented (People v McRay, 51 NY2d 594, 601 [1980]). Instead, the parties focus on the reasonableness of the police conduct. It is by now well established that the reasonableness of police conduct presents a mixed question of law and fact generally beyond the review of this Court (see e.g. People v Williams, 17 NY3d 834, 835 [2011] [“The reasonableness of a seizure, the existence of probable cause or reasonable suspicion, the classification of a detention as an arrest and the attenuation of evidence from police misconduct are all mixed questions of law and fact that are beyond this Court’s review unless there is no record support for the determinations of the court below”]). A determination of what is reasonable in any given situation requires a contextualized assessment of specific facts. While questions concerning the reasonableness of police conduct frequently arise in criminal cases, this Court applies the same standard in delinquency cases (see Matter of Daniel H., 15 NY3d at 884).
In this case the dissent and majority’s conclusions do not depend on the application of different legal standards. Indeed, *99 there is no dispute of law between the dissent and the majority. Rather, the disagreement that animates the dual dissent is whether the search of this respondent was reasonable “considering the totality of the circumstances,” as the dissent termed it (Matter of Jamal S., 123 AD3d 429, 432 [1st Dept 2014]). The dissent’s conclusions as to the reasonableness of the search turn on the meaning attached to the facts and the inferences to be drawn concerning the propriety of respondent’s arrest, transport to the precinct, continued detention, and finally the search itself. That is, the dissenters “drew . . . different inference [s] from the established facts [than the majority did], thus deciding [only] mixed question[s] of law and fact” (People v Brown, 25 NY3d 973, 976 [2015]). Unlike the Appellate Division majority, the dissent inferred that it was reasonable for the police to doubt respondent was 15 years old, given the facts that at the time of his arrest he told the police he was 16 and then failed to present identification to support his later claim that he was only 15. Further, and contrary to the majority’s view that respondent’s encounter with the police “began with the detention of a juvenile who did nothing more than ride a bicycle in the wrong direction on a roadway” (Matter of Jamal S., 123 AD3d at 431-432), the dissenters found that respondent had committed disorderly conduct, which merited an arrest in light of respondent’s claim to be 16. Based upon the fact that respondent initially lied about his age, the dissent inferred that his presence in the precinct was “largely ... a result of his own misrepresentation” (Matter of Jamal S., 123 AD3d at 434). The dissent also had no quarrel with the intentional overnight delay in releasing respondent to his mother prior to the search, yet the majority found the record lacked an explanation for such delay when respondent’s mother told the arresting officer at 11:00 p.m. that she would pick him up, and the officer told her to instead “come in the morning.”[1]
These are just some of the facts and inferences that informed the dissent’s view of the lawfulness of respondent’s detention *100 in the juvenile room and the reasonableness of a third search of a previously searched teenager. As with a typical mixed question of law and fact, “reasonable minds may differ as to the inference to be drawn” from the record (People v Harrison, 57 NY2d 470, 477 [1982], citing McRay, 51 NY2d at 601), but for purposes of determining whether an appeal as of right lies under CPLR 5601 (a), there is no legal issue upon which the Appellate Division dissent and majority disagree.[2]
The dissent’s conclusion that the police conduct was reasonable “considering the totality of the circumstances” presents a mixed question of law and fact, and is therefore beyond the scope of our power to review. I dissent.
Judges Ajbdus-Salaam, Fahey and Garcia concur; Judge Rivera dissents and votes to dismiss the appeal, in an opinion in which Chief Judge DiFiore and Judge Stein concur.
Order reversed, without costs, and dispositional order of Family Court, Bronx County, reinstated.

. Although the Appellate Division dissent and majority largely agree upon the facts, my colleagues are incorrect that the majority and dissent were in complete agreement about the facts material to whether the search was reasonable based on the “totality of the circumstances” (majority op at 97). The dissent’s time line, for example, has the officers placing respondent in the juvenile room and conducting the search while his phone is still charging, before speaking to respondent’s mother (Matter of Jamal S., 123 AD3d at 432-433). The majority concludes that the police spoke to respondent’s mother at 11:00 p.m., prior to the search, and inexplicably told her to pick him up the next day (id. at 429-430).

. In any event, the majority’s conclusion that searching a juvenile’s shoes is reasonable as a matter of law opens the door to intrusive searches of every juvenile who enters a precinct, even in cases where a parent is willing and able to pick up a child who is being held without legal authority.