This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 17
The People &c.,
            Appellant,
        v.
Matthew A. Slocum,
            Respondent.

Jason P. Weinstein, for appellant.
Michael J. Mercure, for respondent.
The Bronx Defenders et al., amici curiae.

MEMORANDUM:

        The appeal should be dismissed upon the ground that the reversal by the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90 [2] [a]).

        The Appellate Division concluded that defendant

- 1 -

unequivocally invoked his right to counsel and his statements should have been suppressed.  Whether a request for counsel is unequivocal presents a mixed question of law and fact (see People v Porter, 9 NY3d 966, 967 [2007]; People v Glover, 87 NY2d 838, 839 [1995]).  The Appellate Division's reversal therefore was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90 [2] [a]).  As a result, we have no jurisdiction over this appeal (see id.; see generally People v Brown, 25 NY3d 973, 975 [2015]; People v Polhill, 24 NY3d 995, 997 [2014]).

The People contend that the Appellate Division committed an error of law by conflating the issue of whether defendant's request for counsel was unequivocal with the separate issue of whether a letter from defense counsel constituted an entry by counsel into the proceeding (see generally People v Arthur, 22 NY2d 325, 328-329 [1968]).  Even assuming for the sake of argument that such a legal error occurred, we cannot conclude that, but for the error, the Appellate Division would not have reversed the judgment (see CPL 450.90 [2] [a]).  Before discussing the issue of the letter, the Appellate Division decidedly held that defendant unequivocally invoked his right to counsel (People v Slocum, 133 AD3d 972, 975-976 [3d Dept 2015]).  We therefore have no jurisdiction to address the People's argument that the Appellate Division improperly conflated the two issues or the Appellate Division's conclusion that the letter did

not constitute an entry by counsel.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Appeal dismissed upon the ground that the reversal by the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90[2][a]), in a memorandum.  Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.  Judge Wilson took no part.


Decided March 23, 2017