■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIEFUDDIN SHABAZZ, Appellant. [642 NYS2d 209] —Judgment,

Supreme Court, Bronx County (John Stackhouse, J.), rendered April 8, 1992, convicting defendant, after a jury trial, of grand larceny in the third degree, criminal possession of stolen property in the third degree, and two counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence showing that defendant knew the checks he deposited into his own bank account were falsely endorsed (*see, People v Johnson,* 65 NY2d 556). The evidence established that the checks issued by the City were mistakenly mailed to an address that was no longer occupied by the intended recipient; that defendant's company had an office at that address located directly across the hall from the intended recipient's former offices; that the intended recipient's names and address, including the suite number, were indicated on the checks; that mail was often seen placed on top of the tenants' mailboxes located in the office building's entrance; that the checks deposited by defendant were payable to two different companies but were both drawn from the City treasury; that defendant deposited the checks at two different branches of Chemical Bank, neither of which was the one where he had opened up an account and which was located "half a block" away from the office building; and that the deposits occurred within one month of the checks' mailing.

Defendant failed to preserve his contention that the bank manager improperly opined that other bank employees would not have accepted the checks had defendant attempted to deposit them at the branch where defendant had opened up an account, having registered only a general objection thereto. In any event, this was not opinion testimony but rather an affirmative response to the question of whether other bank employees knew who one of the defrauded parties was, a fact relevant to the issues developed at trial. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ.