[865 NE2d 1222, 834 NYS2d 56]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVOR GOMCIN, Respondent.

Argued February 15, 2007; decided March 27, 2007

## APPEARANCES OF COUNSEL

*Richard A. Brown, District Attorney*, Kew Gardens (*John M. Castellano, Gary Fidel* and *Sharon Y. Brodt* of counsel), for appellant.

*Green & Willstatter*, White Plains (*Theodore S. Green* and *Richard D. Willstatter* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

During the evening hours of January 31, 1997 and the early morning hours of February 1, 1997, the police were conducting an undercover "buy operation" at a social club in Queens, New York. At 8:00 P.M., a female undercover officer stationed inside the club radioed a detective who was a member of the undercover team. She told him that she had been approached by a tall white male with a pony tail—whom she dubbed "JD Tan"—who asked her "if she wanted to take a hit of cocaine." Approximately six hours later, at about 1:45 A.M., the officer left the club, and the detective and back-up officers arrived at the scene. They directed the club's patrons to leave, and stopped and searched every patron exiting the club, including defendant. The police recovered a packet of cocaine from defendant's jacket pocket and a .38-caliber automatic gun from his boot. Defendant was later indicted on charges of criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the third degree.

The People's only witness at the subsequent *Mapp* hearing was the detective, who recounted the female undercover officer's radio message to him. The court credited his testimony, but concluded that this evidence was legally insufficient to establish probable cause to arrest. Reasoning that defendant's inquiry as to whether the female undercover officer "wanted to take a hit of cocaine" was "an inquiry as to her desire and state of mind, and it's not enough to give probable cause to believe that [defendant] possessed drugs," Supreme Court granted defendant's motion to suppress the drugs and gun. The Appellate Division affirmed, with two Justices dissenting. The Court observed that "[s]ince we do not know whether the undercover

officer and the defendant engaged in additional conversation, we do not know the context in which the defendant purportedly asked her if she wanted a 'hit' of cocaine" (265 AD2d 493, 494-495 [2d Dept 1999]). The Appellate Division agreed with the motion court's "reasonable inference" that "defendant's statement to the undercover officer was merely an inquiry into her 'wishes and desires.' The defendant's statement was made in a social club, where casual conversation is rampant. The defendant may have been attempting to strike up a conversation with a female" (*id.* at 495).

Whether there was probable cause for defendant's arrest presents a mixed question of law and fact, and so we may not disturb the lower court's determination unless it lacks a basis in the record. In this case, the motion court and the Appellate Division concluded that defendant's bare inquiry, in the absence of any context, did not support the inference that he possessed cocaine. While the lower courts might have found that the police were reasonable in viewing defendant's statement differently, as implying that he possessed cocaine and qualifying as an offer to sell a controlled substance, their determination that this was not the case was reasonable and therefore enjoys record support.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.