■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL F. MANGES, Appellant. [889 NYS2d 341]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 15, 2006. The judgment

convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and attempted grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and attempted grand larceny in the third degree (§§ 110.00, 155.35). We agree with defendant that County Court erred in admitting in evidence a printout of electronic data that was displayed on a computer screen when defendant presented a check, the allegedly forged instrument, to a bank teller. The People failed to establish that the printout falls within the business records exception to the hearsay rule (*see* CPLR 4518 [a]), which applies here (*see* CPL 60.10). The People presented no evidence that the data displayed on the computer screen, resulting in the printout, was entered in the regular course of business at the time of the transaction (*see* CPLR 4518 [a]). Indeed, the bank teller who identified the computer screen printout testified that "anyone [at the bank] can sit down at a computer and enter information." Because the computer screen printout was the only evidence establishing the identity of the purported true account owner upon which the check was drawn, we conclude that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In the absence of the printout, the People failed to establish an essential element of the crime of criminal possession of a forged instrument, i.e., defendant's knowledge that the check presented to the bank teller was forged (*see People v Johnson*, 65 NY2d 556, 560 [1985], *rearg denied* 66 NY2d 759 [1985]; *cf. People v Shabazz*, 226 AD2d 290 [1996], *lv denied* 88 NY2d 994 [1996]) and, thus, they also failed to establish an essential element of the remaining crime of attempted grand larceny in the third degree, i.e., that the property was stolen. Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.