[954 NE2d 1155, 930 NYS2d 530]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARCELLE
E. WILLIAMS, Respondent.

Decided September 13, 2011

APPEARANCES OF COUNSEL

*Michael C. Green, District Attorney*, Rochester (*Kelly Christine Wolford* of counsel), for appellant.

*Timothy P. Donaher, Public Defender*, Rochester (*Drew R. Du-Brin* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The orders of the Appellate Division should be affirmed.

The reasonableness of a seizure, the existence of probable cause or reasonable suspicion, the classification of a detention as an arrest and the attenuation of evidence from police misconduct are all mixed questions of law and fact that are beyond this Court's review unless there is no record support for the determinations of the court below (*see e.g. People v Wheeler*, 2 NY3d 370, 373 [2004]; *People v Brannon*, 16 NY3d 596, 602

[2011]; *People v Gomcin*, 8 NY3d 899, 901 [2007]; *People v Farrell*, 59 NY2d 686, 688 [1983]; *People v Divine*, 6 NY3d 790, 791 [2006]). Here, although different conclusions may not have been unreasonable, the record supports the Appellate Division's determination that defendant was arrested without probable cause (*see People v Ryan*, 12 NY3d 28, 30-31 [2009]; *cf. People v Hicks*, 68 NY2d 234, 240 [1986]) and that the seizure of evidence from him was neither attenuated from the illegal arrest nor derived from a source that was sufficiently independent of it. Since it is reasonably possible that the introduction of the impermissibly seized evidence affected the verdict, defendant is entitled to vacatur of the conviction and a new trial (*see e.g. People v Crimmins*, 36 NY2d 230, 237 [1975]). An unrelated conviction must be overturned as well because it was premised on a guilty plea for which defendant was promised a sentence that would run concurrently with the punishment imposed in this case (*see People v Fuggazzatto*, 62 NY2d 862, 863 [1984]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), orders affirmed in a memorandum.