[981 NE2d 784, 958 NYS2d 83]

The People of the State of New York, Appellant, v Jeanne M. Vandover, Respondent.

Argued October 17, 2012; decided November 29, 2012

236

**POINTS OF COUNSEL**

*Francis D. Phillips, II, District Attorney*, Goshen (*Robert H. Middlemiss* and *Andrew R. Kass* of counsel), for appellant. The Appellate Term misapplied the standard for determining probable cause and erroneously affirmed the trial court's determination. (*People v Cruz*, 48 NY2d 419; *People v Bigelow*, 66 NY2d 417; *People v McRay*, 51 NY2d 594; *People v Maldonado*, 86 NY2d 631; *People v De Bour*, 40 NY2d 210; *People v Jacob*, 81 AD3d 977; *People v Terry*, 2 AD3d 977; *People v Carrasquillo*, 54 NY2d 248; *People v Shulman*, 6 NY3d 1.)

*Goldberg Segalla LLP*, Albany (*Matthew S. Lerner* and *Marianne Arcieri* of counsel), amicus curiae. I. This matter is beyond this Court's scope of review. (*People v Williams*, 17 NY3d 834;

*People v Edwards*, 69 NY2d 814; *People v Oden*, 36 NY2d 382; *People v Harrison*, 57 NY2d 470; *People v McRay*, 51 NY2d 594; *People v Wharton*, 46 NY2d 924; *People v Koch*, 135 Misc 2d 352; *People v Fox*, 256 App Div 578.) II. The purported indicia of impairment in this case were in reality merely indicia of alcohol consumption. (*People v Cass*, 18 NY3d 553; *People v Harrison*, 57 NY2d 470; *People v Cruz*, 48 NY2d 419; *People v Farmer*, 36 NY2d 386; *People v Miller*, 199 AD2d 692.) III. The initial stop of Jeanne Vandover's vehicle was improper. (*People v Spencer*, 84 NY2d 749; *People v Ocasio*, 85 NY2d 982; *People v May*, 81 NY2d 725; *People v Sobotker*, 43 NY2d 559; *People v De Bour*, 40 NY2d 210; *People v Hollman*, 79 NY2d 181.) IV. The courts below properly concluded that Jeanne Vandover's arrest was not supported by probable cause. (*People v Carrasquillo*, 54 NY2d 248; *People v De Bour*, 40 NY2d 210; *People v Havelka*, 45 NY2d 636; *People v Bryant*, 37 NY2d 208; *People v McCarthy*, 14 NY2d 206; *People v O'Neill*, 11 NY2d 148; *People v Loria*, 10 NY2d 368; *People v Cruz*, 48 NY2d 419; *People v Gibeau*, 55 AD3d 1303, 12 NY3d 758; *People v Spencer*, 289 AD2d 877.) V. The Appellate Term appropriately ruled that the People are precluded from further prosecuting the charges against Jeanne Vandover. (*People v Kates*, 53 NY2d 591.)

## OPINION OF THE COURT

CIPARICK, J.

█ In determining probable cause, the standard to be applied is that it must "appear to be at least more probable than not that a crime has taken place and that the one arrested is its perpetrator, for conduct equally compatible with guilt or innocence will not suffice" (*People v Carrasquillo*, 54 NY2d 248, 254 [1981]). Applying this standard, there is support in the record for the Appellate Term's determination that the facts did not support probable cause to arrest defendant. That determination, based on a mixed question of law and fact, is beyond our further review.

On October 1, 2008, defendant appeared in Justice Court on an unrelated traffic ticket. While at the courthouse, defendant spoke with an Officer James who noticed that she had glassy, bloodshot eyes, an odor of alcohol on her breath and seemed lethargic. Concerned that defendant may well be intoxicated and intending to drive a vehicle, Officer James informed Officer Barry of his observations. Both officers proceeded to follow defendant to the parking lot where they observed her getting into her automobile and moving in reverse for approximately two

feet as she exited the parking spot. Officer Barry stopped defendant. Upon her exiting the vehicle, Officer Barry administered a field sobriety test. Officer James had gone to the nearby police headquarters to retrieve a portable breath analyzer and did not observe the full field sobriety test given by Officer Barry. When Officer James returned with the equipment, he noticed, for the first time a young child in the back seat of the car without a seatbelt. Officer Barry also performed the portable breath test on defendant, which recorded a positive result. Defendant made statements, prior to her arrest, to the effect that she "had gotten off work at 8:00 [a.m.]" and "ha[d] a couple of drinks," but those were consumed several hours prior and that she was not currently under the influence of alcohol. Defendant was arrested and charged with two counts of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3), operating a vehicle with a backseat passenger, under 16 years of age without a seatbelt, in violation of Vehicle and Traffic Law § 1229-c (1) (b) and endangering the welfare of a child (Penal Law § 260.10 [1]).

Defendant moved to suppress her statements and other evidence obtained and a probable cause hearing was held at which Officer James and a Sergeant Metzger, who had come upon the scene, testified. Officer Barry, who administered the field sobriety test and the portable breathalyzer test, however, did not testify. Justice Court found the officers' testimony to be credible but that Sergeant Metzger's testimony was generally cumulative of Officer James' testimony. However, Sergeant Metzger did testify that the positive reading of the portable breath analyzer, in this instance, was as consistent with an alcohol content below the statutory level of impairment as with a blood alcohol level above the limit. Justice Court noted Officer Barry's absence and stated that "without [his] testimony there is insufficient testimony in the record necessary for a finding that the arrest on any of the charges was based upon probable cause" (*People v Vandover*, Hamptonburgh Just Ct, Orange County, Aug. 29, 2009, Golden, J.). Justice Court, citing the testimony of Officer James, that defendant had glassy bloodshot eyes, breath that smelled of alcohol and a generally fatigued demeanor, found that this was insufficient to establish probable cause to arrest defendant and accordingly dismissed the charges. The Appellate Term affirmed the dismissal (*People v Vandover*, 31 Misc 3d 131[A], 2011 NY Slip Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). A Judge of this Court

granted leave to appeal (17 NY3d 802 [2011]) and we now affirm.

Insofar as the People argue that the Appellate Term applied an incorrect standard of proof for determining probable cause, i.e. proof beyond a reasonable doubt as opposed to the lesser standard of more probable than not, that argument must fail. While the Appellate Term did state that "[t]he hearing proof failed to establish that defendant exhibited 'actual impair-[ment], to any extent, [of] the physical and mental abilities which [a person] is expected to possess in order to operate a vehicle as a reasonable and prudent driver' " (2011 NY Slip Op 50592[U], *2, quoting *People v Cruz*, 48 NY2d 419, 427 [1979]), we do not read the Appellate Term as departing from the correct standard. The standard to be followed is that it is more probable than not that defendant is actually impaired. Both Justice Court, citing *Carrasquillo*, and the Appellate Term, citing *Cruz*, applied the correct standard in reaching their conclusions.

■ Having determined that the courts below applied the correct standard in deciding the question of probable cause for arrest, we come next to the question of reviewability of the lower court findings. The conclusion that no probable cause existed to arrest defendant is a mixed question of law and fact for which there is support in the record (*see People v Omowale*, 18 NY3d 825, 827 [2011]; *People v Gomcin*, 8 NY3d 899, 901 [2007]) and is therefore otherwise unreviewable (*see People v Williams*, 17 NY3d 834, 835 [2011]). Although different inferences may have been drawn from these facts, we are faced with affirmed findings of fact precluding further review by this Court (*see Gomcin*, 8 NY3d at 901).

Accordingly, the order of the Appellate Term should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed.