# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1446**
**KA 11-00850**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEVE HOLD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered February 25, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a forged instrument in the second degree (five counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of five counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Contrary to defendant's contention, viewing the evidence in the light most favorable to the People, we conclude that it is legally sufficient to establish that he had knowledge that the five checks were forged instruments (*see generally People v Danielson*, 9 NY3d 342, 349). All of the checks were both written to and endorsed by defendant, and the People presented photographic evidence of defendant at the teller counter at the time four of the checks were cashed. The account holder testified that several checks had been taken from her home and that she had not written any checks to defendant, whom she did not know. The evidence established that defendant cashed two different checks at separate branches of the same bank, within one hour. Defendant was arrested when he attempted to cash a fifth check and bank personnel ascertained that the account holder had not written the check to defendant. "Guilty knowledge of forgery may be shown circumstantially by conduct and events" and, here, defendant's conduct and the events support the determination that defendant knew that the checks were forged (*People v Johnson*, 65 NY2d 556, 561, *rearg denied* 66 NY2d 759; *see People v Moore*, 41 AD3d 1202, 1203-1204, *lv denied* 9 NY3d 879; *cf. People v Green*, 53 NY2d 651, 652; *People v Manges*, 67 AD3d 1328, 1329).

Viewing the evidence in light of the elements of the crime of criminal possession of a forged instrument in the second degree in this nonjury trial (*see Danielson*, 9 NY3d at 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court