■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PANDORA L. REBOLLO, Appellant. [966 NYS2d 602]—

Egan Jr., J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered March 21, 2012, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the fifth degree.

A number of years ago, Carolyn Northup Lioto opened a checking account with Key Bank National Association and, in conjunction therewith, was issued a bank card and checks. Although Lioto closed the account shortly thereafter, she held onto the checks—storing them in a box underneath her bed. In fall 2010, defendant, whom Lioto had known for 25 years, visited Lioto at her Madison County home. When it came time for Lioto

to step outside to meet her daughter's school bus, defendant indicated that she did not feel well and asked to wait inside the residence. Lioto acquiesced and, as a result, defendant was left alone in the home for 15 to 20 minutes. Upon Lioto's return, defendant immediately left the premises.

Within one month of defendant's visit, Lioto began receiving insufficient funds notices from various merchants with respect to checks drawn on the long-closed Key Bank account. One such check was made payable to Kevin Payne, defendant's nephew, and was deposited into Payne's account at Oneida Savings Bank. The bank—suspecting that the $1,800 check originated from a closed or counterfeit account—conducted an internal investigation and notified law enforcement. Thereafter, defendant was indicted and charged with criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the fifth degree. Following a jury trial, defendant was convicted as charged and sentenced to, among other things, 1¹/₃ to 4 years in prison—said sentence to be served consecutively to the sentence defendant then was serving for forgery in the second degree. This appeal by defendant ensued.

We affirm. Defendant initially contends that her convictions are not supported by legally sufficient evidence—an argument premised, in large measure, upon defendant's assertion that she and Lioto were in cahoots with one another and, therefore, the check in question cannot be said to be either stolen or to constitute a forged instrument. Lioto's credibility, however, was fully explored at trial, and the jury considered and rejected defendant's theory of the crimes. As such, we discern no basis upon which to disturb the jury's credibility determination (*see generally People v Wilson*, 100 AD3d 1045, 1046 [2012]; *People v Weiss*, 99 AD3d 1035, 1038 [2012], *lv denied* 20 NY3d 1015 [2013]).

Turning to the specific elements of the underlying offenses, "[a] person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he [or she] utters or possesses any forged instrument of a kind specified in [Penal Law § 170.10]" (Penal Law § 170.25; *see People v Muhammad*, 16 NY3d 184, 187 [2011]), including a check (*see People v Hold*, 101 AD3d 1692, 1692 [2012]). Similarly, and insofar as is relevant here, "[a] person is guilty of criminal possession of stolen property in the fifth degree when he [or she] knowingly possesses stolen property, with intent to benefit himself [or herself] or a person other than an owner thereof" (Penal Law § 165.40). "Guilty knowledge of forgery may be shown circumstantially by conduct and events" (*People*

*v Hold*, 101 AD3d at 1693 [internal quotation marks and citations omitted]; *accord People v Silberzweig*, 58 AD3d 762, 762-763 [2009], *lv denied* 12 NY3d 920 [2009]), and evidence of an intent to defraud or deceive may be inferred from a defendant's actions and surrounding circumstances (*see People v Bickley*, 99 AD3d 1113, 1113-1114 [2012], *lv denied* 20 NY3d 1009 [2013]; *People v Monteiro*, 93 AD3d 898, 899 [2012], *lv denied* 19 NY3d 964 [2012]; *see also People v Ford*, 90 AD3d 1299, 1300 [2011], *lv denied* 18 NY3d 994 [2012]).

Here, the testimonial and documentary evidence adduced at trial, which included an electronic image of the check and a redacted copy of Payne's account history, established that the check in question was drawn on Lioto's account, made payable to Payne and deposited into Payne's account at Oneida Savings Bank.[1] Lioto testified, however, that she had not written any checks on the Key Bank account in years—nor did she give anyone else permission to do so—and that the check did not bear her signature. Similarly, both Payne and Lioto testified that they did not know one another and, further, that Lioto did not owe Payne any money. The actual deposit—made at the bank's drive-through window—was captured on two surveillance photographs admitted into evidence; Payne identified defendant in one of the photographs and identified his grandmother's car in the other. Such proof, coupled with defendant's conduct while in Lioto's home and her subsequent actions with respect to Payne and his checking account,[2] is—when viewed in the light most favorable to the People—legally sufficient to sustain the underlying convictions.

Defendant's remaining contentions do not warrant extended discussion. To the extent that defendant asserts that her trial was fundamentally unfair because the jury was allowed to hear evidence of an uncharged crime—namely, that she forged Payne's endorsement on the check at issue—we note that defendant did not object when Payne was questioned on this point and, therefore, any challenge to such testimony is not preserved for our review. Although defendant's related jury charge issues are preserved for our review, we find that the charge as a whole, which followed the pattern jury instruction, "correctly convey[ed] the proper standards for the jury to apply" (*People v*

---

**1.** Payne testified that when defendant first asked for permission to deposit a check into his account, he declined. By the time Payne relented, defendant already had deposited the subject check into Payne's account.

**2.** After defendant deposited the check into Payne's account, she asked Payne to withdraw $500. Payne processed this transaction through the bank's ATM and thereafter gave the money and his ATM card to defendant, who also knew Payne's personal identification number.

*Marshall,* 65 AD3d 710, 713 [2009], *lv denied* 13 NY3d 940 [2010]; *accord People v Rolfe,* 83 AD3d 1217, 1218-1219 [2011], *lv denied* 17 NY3d 809 [2011]). Finally, in light of defendant's extensive criminal history, which included 21 prior convictions for what were predominantly larceny, forgery or stolen property offenses, we cannot say that the sentence imposed is harsh or excessive. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Stein, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.