The People of the State of New York, Respondent,
against
Paul Gullo, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered October 8, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while impaired.




ORDERED that the judgment of conviction is affirmed.
After stopping defendant's automobile, the arresting officer observed that defendant exhibited bloodshot, watery eyes and slurred speech, and that defendant was unsteady on his feet. A test of defendant's blood alcohol content produced a reading of .068 percentum by weight, following which the People charged defendant with driving while impaired (Vehicle and Traffic Law § 1192 [1]). The Criminal Court (Alan J. Meyer) denied defendant's motion which sought to dismiss the accusatory instrument based on its alleged failure to set forth facts sufficient to establish actual impairment. On October 8, 2013, defendant waived the right to be prosecuted by information and pleaded guilty to the offense. On appeal, defendant renews the claim of facial insufficiency.
Having waived prosecution by information, the standard of review is that applicable to a complaint. A local criminal court complaint "is one of the simplest forms of an accusatory instrument. It need [merely] contain facts of an evidentiary character' (CPL 100.15 [3]) that establish reasonable cause' to believe that the accused committed the charged offense (CPL 100.40 [4] [b])" (People v Suber, 19 NY3d 247, 250-251 [2012]). "[T]here is no requirement that the facts, whether hearsay or otherwise, be sufficient to allege a prima facie standard for informations (CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-262 [2007])" (People v Thompson, 43 Misc 3d 137[A], 2014 NY Slip Op 50708[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). As the courts equate reasonable cause with probable cause to arrest (see People v Maldonado, 86 NY2d 631, 635 [1995]; People v Johnson, 66 NY2d 398, 402 n 2 [1985]), a complaint requires that the "articulated, objective facts" and the "reasonable inference to be drawn therefrom" (People v Mercado, 68 NY2d 874, 877 [1986]) suffice to "lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime [was] . . . committed" (People v McRay, 51 NY2d 594, 602 [1980]).
A person violates Vehicle and Traffic Law § 1192 (1) when he or she exhibits "actual impair[ment], to any extent, [of] the physical and mental abilities which [a person] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Vandover, 20 NY3d 235, 239 [2012], quoting People v Cruz, 48 NY2d 419, 427 [1979]). Here, defendant [*2]exhibited bloodshot, watery eyes, and, as dimensions of actual physical coordination impairment, slurred speech and unsteadiness on his feet (see e.g. People v Granda-Vintmill, 41 Misc 3d 135[A], 2013 NY Slip Op 51879[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Although defendant's blood alcohol content was insufficient to establish a prima facie case for impairment (see Vehicle and Traffic Law § 1195 [2] [c] [.07 of one percentum by weight]), the test result is, nevertheless, "relevant evidence" of impairment (Vehicle and Traffic Law § 1195 [2] [b]). In view of the allegations in the accusatory instrument with respect to defendant's appearance, his physical coordination impairment, and his blood alcohol reading just below that required for a prima facie case of impairment, we find that the allegations are sufficient for pleading purposes to establish reasonable cause to believe that defendant committed the offense and "provided adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kass, 22 NY3d 1142, 1143 [2014]).
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 25, 2016