■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASLAM FORDE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KABBA SOW, Appellant. [55 NYS3d 657]—

Judgments, Supreme Court, New York County (Juan M. Merchan, J.), rendered December 18, 2014, convicting defendants, after a jury trial, of grand larceny in the fourth degree and petit larceny, and sentencing defendant Forde, as a second felony offender, to an aggregate term of 1½ to 3 years, and sentencing defendant Sow to an aggregate term of 90 days, concurrent with 5 years' probation, unanimously affirmed.

The verdicts were supported by legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). It was reasonable for the jury to infer defendants' accessorial liability, based on the totality of their course of conduct in two stores, as established by eyewitness testimony and surveillance videotapes. The evidence supports inferences that both defendants knew that a third codefendant was making fraudulent purchases by means of a large number of debit cards not in his own name, and that both defendants assisted the third codefendant by gathering merchandise (in a hasty manner not indicative of legitimate shopping) and distracting the cashier while the sale was being consummated (see e.g. People v Hazel, 26 AD3d 191 [1st Dept 2006], lv denied 6 NY3d 848 [2006]). The fact that defendants were acquitted of some charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).

Defendants' challenges to the prosecutor's summation are entirely unpreserved because, during the summation, defendants either failed to object or made generalized objections. Although defendants' postsummation mistrial motions made some specific claims, this did not preserve those issues, which should have been raised during the summation (see People v Romero, 7 NY3d 911, 912 [2006]; People v LaValle, 3 NY3d 88, 116 [2004]). We decline to review any of defendants' summation claims in the interest of justice. As an alternative holding, we conclude that the remarks at issue generally constituted fair comment on the evidence, including the drawing of reasonable inferences, and were responsive to the defense summations. To the extent that there were any improprieties, they did not deprive either defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Concur—Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.