THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RODRIGUEZ, Appellant. [63 NYS3d 46]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered April 26, 2012, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The charge arises out of a stolen check, the proceeds of which were deposited into defendant's newly-opened account by an unidentified man (undisputedly not defendant himself) using defendant's debit card and PIN number, and later withdrawn by defendant.

A person is guilty of grand larceny in the third degree when he "steals" "property" the value of which exceeds three thousand dollars (Penal Law § 155.35 [1]). "Steal[ing]" is defined as "wrongfully tak[ing], obtain[ing] or withhold[ing]" property from its "owner" "with intent to deprive another of [the] property or to appropriate the same to himself" (Penal Law § 155.05 [1]).

The "taking" element was satisfied by proof that defendant "exercised dominion and control" over the proceeds of the check "in a manner wholly inconsistent with the owner's continued rights" (*People v Hardy*, 26 NY3d 245, 250 [2015]) by withdrawing the money from his account for his personal use. Defendant essentially concedes that he exercised dominion and control over the *money*, but claims that there is nothing linking him to the *check*. Even if this were this true, it would not undermine the conviction because the larceny charge was not based on the theft of the check (i.e., that piece of paper), but of the proceeds thereof (*see Matter of Aldridge v Kelly*, 157 AD2d 716, 717-718 [2d Dept 1990], *lv denied* 75 NY2d 706 [1990]).

In any event, there was ample circumstantial evidence from which the jury could have reasonably inferred that defendant participated in a scheme, with at least one other person, to steal the check, deposit it, and withdraw its proceeds (*see People v Spiegel*, 48 NY2d 647, 648-649 [1979]; *People v Forde*,

152 AD3d 442, 443 [1st Dept 2017]). This includes the quick succession of defendant opening the account, the unidentified man depositing the check, and defendant withdrawing check proceeds, all within a three-day period; the fact that the man who deposited the check had defendant's debit card and PIN number; and the suspicious nature of defendant's three withdrawals, made over the course of four hours, at three different branch locations, in two boroughs, and in amounts apparently designed to avoid the bank's reporting and approval requirements (see People v Shabazz, 226 AD2d 290, 291 [1st Dept 1996], lv denied 88 NY2d 994 [1996]). The sequence of events makes no sense unless defendant and the unidentified man were acting in concert. This evidence also supported an inference of larcenous intent (see People v Rodriguez, 17 NY3d 486, 489 [2011]).

Defendant's contention that he did not steal from the "owner" of the property because he withdrew the money from his own account is similarly unavailing. An "[o]wner" is "any person who has a right to possession [of the property] superior to that of the taker, obtainer or withholder" (Penal Law § 155.00 [5]). Here, it is clear that the company that issued the check had a superior right to possession of the money (see People v Bonneau, 94 AD3d 1158, 1159 [3d Dept 2012], lv denied 20 NY3d 985 [2012]). Concur—Renwick, J.P., Kapnick, Gesmer and Kern, JJ.