People v Jones (2018 NY Slip Op 00710)





People v Jones


2018 NY Slip Op 00710


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1059 KA 14-01861

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHARIFF JONES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 10, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and attempted petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one and three of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a forged instrument in the second degree (Penal Law § 170.25) arising from his attempt to cash a counterfeit travelers check at a bank. Preliminarily, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the jury's verdict with respect to the crime of criminal possession of a forged instrument is against the weight of the evidence (see People v Rice, 105 AD3d 1443, 1444 [4th Dept 2013], lv denied 21 NY3d 1076 [2013]; see generally People v Dean, 177 AD2d 792, 794 [3d Dept 1991], lv denied 79 NY2d 855 [1992]). We nevertheless reverse the judgment and grant a new trial on counts one and three of the indictment because Supreme Court improperly admitted two categories of hearsay evidence.
First, the court "erred in admitting in evidence a printout of electronic data that was displayed on a computer screen [after] defendant presented a check, the allegedly forged instrument, to a bank teller. The People failed to establish that the printout falls within the business records exception to the hearsay rule . . . [because they] presented no evidence that the data displayed on the computer screen, resulting in the printout, was entered in the regular course of business" (People v Manges, 67 AD3d 1328, 1329 [4th Dept 2009]; see generally CPLR 4518 [a]; CPL 60.10). Moreover, although the printout was initially admitted only for the limited purpose of establishing "that the statement [reflected therein] was made," the court thereafter instructed the jury that the printout was permitted to show that the person with the Social Security number tendered by defendant was already a customer at the bank, thereby allowing the jury to consider the printout for the truth of the matter asserted therein. As such, the People were still obligated to establish that the " entrant was under a business duty to obtain and record the statement [reflected in the printout]' " (People v Patterson, 28 NY3d 544, 550 [2016], quoting Hayes v State of New York, 50 AD2d 693, 693-694 [3d Dept 1975], affd 40 NY2d 1044 [1976]; see Matter of Leon RR, 48 NY2d 117, 122 [1979]; People v McKinley, 72 AD2d 470, 476-477 [4th Dept 1980]). The People failed to fulfill that foundational requirement here (see Manges, 67 AD3d at 1329; compare Patterson, 28 NY3d at 547-548; People v Ferone, 136 AD2d 282, 289-290 [2d Dept 1988], lv denied 72 NY2d 859 [1988]).
Second, the court improperly admitted an investigator's testimony about the results of a search he ran in a credit bureau's commercial database for email addresses and a telephone [*2]number contained in a cover letter that enclosed the counterfeit check defendant tried to cash. The People failed to establish the requisite foundation for this testimony inasmuch as the investigator did not testify that he "is familiar with the practices of [the] company that produced the records at issue" and that he "generally relies upon such records" (People v Brown, 13 NY3d 332, 341 [2009]; see People v Cratsley, 86 NY2d 81, 89 [1995]).
Contrary to the People's contention, defendant's challenges to the admissibility of the printout and database testimony were preserved for our review by his timely and specific objections at trial (see CPL 470.05 [2]; People v Ayala, 142 AD2d 147, 166 [2d Dept 1988], affd 75 NY2d 422 [1990], rearg denied 76 NY2d 773 [1990]). Contrary to the People's further contention, the court's errors in admitting the hearsay are not harmless inasmuch as the proof of defendant's guilt, "without reference to the error[s]," is not overwhelming (People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant's challenge to the severity of his sentence is academic in light of our determination herein.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court