The People of the State of New York, Respondent,
against
Angel Viscaino, Appellant. 

Appellate Advocates (Alice R. B. Cullina of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered June 27, 2016. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated per se, common-law driving while intoxicated, passing a red light, and unlicensed operation of a motor vehicle, and imposed sentence.
ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), passing a red light (Vehicle and Traffic Law § 1111 [d] [2]), and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]).
Defendant's contention that the evidence was insufficient to establish beyond a reasonable doubt his guilt of common-law driving while intoxicated is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [*2][1983]), we find that it was legally sufficient to establish that defendant was intoxicated, in that there existed an " 'actual impair[ment] . . . [of] the physical and mental abilities which [he was] expected to possess in order to operate a vehicle as a reasonable and prudent driver' " (People v Vandover, 20 NY3d 235, 239 [2012], quoting People v Cruz, 48 NY2d 419, 427 [1979]). Consequently, the People established defendant's guilt, beyond a reasonable doubt, of common-law driving while intoxicated.
Defendant's contention that the judgment of conviction should be reversed due to allegedly improper comments made by the prosecutor during summation is unpreserved for appellate review inasmuch as defendant either failed to object to such comments, raised general one-word objections, raised objections on different grounds, failed to request curative instructions, or failed to timely move for a mistrial on the specific claims now raised on appeal (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v LaValle, 3 NY3d 88, 116 [2004]; People v Forde, 152 AD3d 442, 443 [2017]). While the prosecutor's unwarranted theatrics during summation were inappropriate, they did not rise to the level of misconduct that would warrant a new trial. In any event, the record indicates that the challenged comments were fair responses to comments made in defense counsel's summation (see People v Negrin, 140 AD3d 1192, 1194 [2016]), were within the broad bounds of rhetorical comment permissible in summations (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Mahoney, 175 AD3d 1034, 1036 [2019]), or were fair comments on the evidence (see People v Ashwal, 39 NY2d 105 [1976]), and did not constitute an impermissible effort to shift the burden of proof (see People v Robinson, 138 AD3d 764, 765 [2016]).
Defendant's contention that the court erred in denying his request to submit to the jury the offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) specifically as a "lesser included offense" of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) is without merit (see People v Brown, 53 NY2d 979, 981 [1981], revg 73 AD2d 112 [1980]).
Defendant's contention on appeal that the court erred in failing to submit to the jury the offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) as a lesser included offense of driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) is unpreserved for appellate review (see CPL 300.50 [2]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 29, 2020