People v Geraci (2025 NY Slip Op 51885(U))

[*1]

People v Geraci

2025 NY Slip Op 51885(U)

Decided on December 1, 2025

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 1, 2025
Justice Court of the Town of Webster, Monroe County

The People of the State of New York, Plaintiff,

against
Kimberly L. Geraci, Defendant.

Case No. 24120086

Brian P. Green, District Attorney, Monroe County (Bradley Baldwin of Counsel), for plaintiff.
Julie Cianca, Public Defender, Monroe County (Sara Gaylon of Counsel), for defendant.

Thomas J. DiSalvo, J.

History of the Case.
The defendant was charged with common law driving while intoxicated, VTL § 1192 (3), VTL Operating a motor vehicle while registration suspended, VTL § 512, unregistered motor vehicle, VTL § 401 (1) (a), moved from lane unsafely, VTL § 1128 (a), no seat belt, VTL § 1119-c (3) and consumption of alcohol in a motor vehicle, VTL 1227 (1) on December 18, 2024. She was arraigned on January 8, 2025. Defense counsel filed omnibus motions with the court on May 27, 2025. Said motions sought the following relief germane to this decision: To dismiss the accusatory instrument charging the defendant with common law driving while intoxicated as being defective on its face, pursuant to CPL §§ 170.30 (1) (a); 170;35. (1) (a); 100.40 (4) (b); and 100.40 (1) ( c); An order precluding the prosecutor from offering any testimony regarding the observation of the defendant by a witness; Suppression of any statements made by the defendant or a hearing on said issue; Suppression of any tangible property and other evidence obtained as a result of an unlawful search or seizure or a probable cause hearing relative to same; The matter was set down for argument of motions on June 18, 2025. 

Legal Analysis.
Sufficiency of the Accusatory. The defendant was charged with driving while intoxicated by a simplified traffic information defined in pertinent part as
" a written accusation by a police officer, or other public servant authorized by law to issue same, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges. It serves as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging [*2]thereof by a regular information, and, under circumstances prescribed in section 100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges."[FN1]
In addition, the accusatory instrument consisted of a supporting deposition verified by the arresting officer Cory J. Coene of the Webster Police Department and a supporting deposition affirmed by a civilian witness. 
"A supporting deposition is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein."[FN2]
The simplified traffic information clearly sets out the offense charged, the date, time and place of the alleged offense. It was executed by arresting officer, Corey J. Coene of the Webster Police Department, who affirmed the facts set out therein under penalty of perjury. It is uncontested that the said simplified traffic information is " substantially in the form prescribed by the commissioner of motor vehicles".[FN3]

The arresting officer states in his supporting deposition that
"upon direct knowledge and/or informed by said person specified below, avers that the defendant, on or about the 18th day of December, 2024 at about 1512 operated a Blue 2015 Nissan motor vehicle, bearing a New York Registration number ... in a Easterly direction on Klem [Road], while in an intoxicated condition impaired by drugs and/or alcohol...." 

The officer also sets out that the reasons for the "stop" of the defendant are a crash, property damage and an injury to the defendant. Officer Coene indicated he observed the defendant at the wheel of the vehicle with the keys in the ignition and that the defendant had impaired motor coordination. Furthermore, he observed the odor of alcohol. He stated that the defendant told him that she consumed 3 Miller Lite beers one hour prior to operating the vehicle. In addition the officer observed an empty can of Mike's Hard Lemonade in the defendant's vehicle. The said supporting deposition also indicated that the defendant refused to take the roadside breath test.
The supporting deposition of the civilian witness states that he observed the defendant's [*3]vehicle traveling east bound on Klem Road at about 1510 hours on December 18, 2024. He stated that he observed that the defendant's
"Nissan sedan veered off the roadway onto the south shoulder and skipped into a driveway and missed hitting a telephone pole. The vehicle continued eastbound and ultimately stopped when it hit a different telephone pole on the south side of Klem Road. I pulled over and called 911 and eventually went over to the car to help. The driver was a white female with blond hair, who appeared very disheveled with her shirt undone. She had slurred speech and bloodshot eyes and couldn't focus when talking to me."
Certainly the uniform traffic information which was supplemented by the supporting deposition of the officer and the supporting deposition of the civilian witness constituted an information as defined by CPL § 1.20 (4). In order to be sufficient on its face an information must comply with CPL § 100.40 (1) which states:
"An information, or a count thereof, is sufficient on its face when:
(a) It substantially conforms to the requirements prescribed in section 100.15; and
(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof."
As previously indicated, it is un-controverted that the accusatory herein complies with CPL 100.15.
In order for an information charging a defendant with common law driving while intoxicated to be sufficient it must allege " That the defendant operated the vehicle"; "That the defendant was intoxicated"; "That the operation and intoxication occurred simultaneously".[FN4]
Operation of the vehicle by the defendant was directly confirmed by the non-hearsay allegations in the supporting deposition of the civilian witness.As to the issue of intoxication both the arresting officer and the civilian witness alleged various indicia of intoxication, to wit: slurred speech, bloodshot eyes, the odor of alcohol, impaired motor coordination.There was also the admission by the defendant of having consumed alcohol prior to driving her vehicle. In a similar case the court held that
"The accusatory instrument was not jurisdictionally defective. Giving the instrument 'a fair and not overly restrictive or technical reading' (People v. Casey, 95 NY2d 354, 360 [2000] ), we find 'as a matter of common sense and reasonable pleading' (People v. Davis, [*4]13 NY3d 17, 31 [2009] ) that it was legally sufficient to charge defendant with violating Vehicle and Traffic Law § 1192(1). The arresting officer alleged that defendant operated a motor vehicle that was 'stopped in the right lane' 'at the southeast corner of West 165 Street and Henry Hudson Parkway'; that defendant, who 'was seated in the front passenger seat,' stated that she 'was driving from Ozone Park when my car stopped' working, I had a few drinks"; that she had 'watery and bloodshot eyes;' the 'odor of an alcoholic beverage' on her breath and 'slurred speech'; and that she refused to submit to a breath test (see People v Cruz, 48 NY2d 419, 426—427 [1979], appeal dismissed 466 US 901 [1980]; People v Taylor, 104 AD3d 603, 604 [2013], lv denied 21 NY3d 947 [2013])." (People v. McMillan, 63 Misc 3d 126 [A], 2019 NY Slip Op 50312[U] [2019][FN5]

A fair and not overly restrictive reading of the information herein satisfies the requirement that the accusatory instrument must allege that the operation and intoxication occurred simultaneously. The information charging the defendant with common law driving while intoxicated is sufficient on its face pursuant to CPL § 100.40 (1). 

Preclusion of Observation Testimony.CPL § 710.30 (1) (b) states in pertinent part:
"Whenever the people intend to offer at a trial testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him or her or a pictorial, photographic, electronic, filmed or video recorded reproduction of him or her as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered."
In this case, the People did not provide the defense with a CPL 710.30 (1) (b) Notice. 
"The main concern motivating the statute was the possibility, recognized in three Supreme Court decisions, that pretrial identification procedures could be so suggestive or misleading as to compromise a defendant's constitutional right to due process of law. The danger sought to be avoided is, and always has been, the risk of convicting the innocent through tainted identification procedures (see Collins, 60 NY2d at 218-219; see generally Wall, Eye-Witness Identification in Criminal Cases, at 5-25 [1965])." (People v. Gee, 99 NY2d 158,161-162,753 N.Y.S.2d 19,22 [2002]).
However, in this case the Webster Police did not execute an identification procedure as to the defendant herein. It was the civilian witness that essentially directed the police to the defendant. In such a situation, there is no risk of a suggestive identification of the defendant by the said witness. Thus the People were not required to provide the defense with CPL § 710.30 Notice regarding the identification of the defendant. See People v. Coker, 121 AD3d 1305,1307, 995 N.Y.S.2d 288, 290-291 [2014]) wherein the 3rd Department stated
" Nor are we persuaded that the People were required to provide notice pursuant to CPL 710.30 regarding their intent to offer identification testimony at trial. The evidence at the preclusion hearing established that, when police arrived at the scene, [the witness] —without any prompting by police—pointed to defendant and stated to police that '[h]e's right there on the sidewalk.' As this identification of defendant occurred spontaneously without any police involvement, CPL 710.30 notice of such identification was not required."
Suppression of Statements of the Defendant. A CPL 710.30 Notice regarding the statements of the defendant was provided to the defense by the People within the required 15 days after arraignment.[FN6]
Defense argues that said statements to law enforcement personnel were obtained from the defendant involuntarily, within the meaning of CPL § 60.45. As result, defense counsel seeks an order suppressing any statements of the defendant that the People intend to offer at trial or in the alternative a Huntley Hearing pursuant to CPL § 710.60 (4). The court has no basis to summarily grant or deny the motion to suppress the statements of the defendant.[FN7]
Thus the court will set the matter down for said hearing at a time to be determined in accordance with CPL § 710.60 (4), which states in part "If the court does not determine the motion pursuant to subdivisions two or three, it must conduct a hearing and make findings of fact essential to the determination thereof."
Arrest Without a Warrant. One of the grounds on which the defendant objects to the arrest herein is that it was conducted without a warrant and that the events in question were not personally observed by Office Coene. However, CPL § 140.10 (1) (b) permits a police officer to arrest an individual for "A crime when he or she has reasonable cause to believe that such person has committed such crime, whether in his or her presence or otherwise" VTL § 1192 (3) is a crime since it is an un-classified misdemeanor. The question of whether the officer had the requisite reasonable cause to make the arrest is dealt with below.
Reasonable Cause to Arrest - Driving While Intoxicated. In order to determine if the arrest of the defendant was justified it is necessary to review the facts from the time of the accident to the time of the arrest. First of all the arresting officer was not a witness to the operation of the vehicle by the defendant. The only witness to said operation was the civilian witness, who witnessed the erratic driving of the defendant and her collision into a telephone pole. Upon arriving at the scene of the accident the witness attempted to provide whatever assistance to the defendant he could. In an attempt to engage with her he observed the defendant to be disheveled, to have her shirt undone, to have slurred speech, to have bloodshot eyes and to have an inability to focus on the conversation.
When Officer Coene arrived at the scene he approached the vehicle and the defendant [*5]therein.
"The four levels of police intrusion, in increasing order of their intrusiveness on an individual's rights, are: the request for information, the common-law right of inquiry, the detainer (including a frisk for weapons), and the arrest. The greater the intrusion, the greater the corresponding justification must be, NY Const. Art. I, § 12—that is, the more information the police must have to justify their conduct. People v. Hollman, 79 NY2d 181, 581 N.Y.S.2d 619, 590 N.E.2d 204 (1992); *500 People v. De Bour, 40 NY2d 210, 386 N.Y.S.2d 375, 352 N.E.2d 562 (1976)." (Muldon, Handling a Criminal Case in New York § 9:18 [October 2024 Update])
Certainly, upon arriving at the scene of the accident herein, the officer had a right to request information from the defendant as to her condition. He then was authorized to inquire as to the cause of the accident. Observing her responses to said inquiry and her physical condition he would be entitled to detain her for purposes of attempting to have her perform standard field sobriety tests. Said detention included requesting that the defendant permit a blood test draw, which was agreed to by the defendant later at the hospital.[FN8]

Defense counsel requests an order suppressing tangible and other evidence obtained from the defendant that is deemed to be the result of an unlawful search and seizure of the the defendant. Thus the court must determine if the officer, based on his investigation, had probable cause to arrest the defendant. "[A]lthough the CPL uses the phrase 'reasonable cause' in lieu of the phrase probable cause,' it is well settled that '[r]easonable cause means probable cause.''[FN9]
Specifically the defense maintains that the defendant had an expectation of privacy and the right to be free from unlawful police intrusion; that the defendant was seized without a valid warrant and without an adequate level of suspicion to justify it; that the defendant, through her attorney, denies that she operated a motor vehicle contemporaneous with being intoxicated; that the information and evidence obtained by the police was the result of an unlawful detention; that the level of inquiry conducted by the officers was unjustified and constituted a level of detention that exceeded the officer's authority; that the defendant did not engage in any behavior that created a reasonable suspicion that she committed a crime; that the defendant's poor performance on any field sobriety tests was not the result of having consumed alcohol, but was the result of pre-existing medical diagnosis. 
Criminal Procedure Law Section 70.10 (2) defines reasonable cause in pertinent part as follows:
"'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are [*6]collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it."
In determining whether there was probable/reasonable cause to arrest in a driving while intoxicated case an additional criterion to the definition in CPL § 70.30 (2) must be considered. "The standard to be followed is that it is more probable than not that defendant is actually impaired." (People v. Vandover, 20 NY3d 235,239, 958 N.Y.S.2d 83,85 [2012]). That standard is not satisfied when the actions the defendant amounts to "'conduct equally compatible with guilt or innocence'"[FN10]

In this case some of the allegations set out in the officer's supporting deposition and that of the civilian witness may support a finding that the defendant was intoxicated, i.e certain physical indicia of intoxication, erratic driving and an admission to having consumed alcoholic beverages . However, some of allegations may have an innocent explanation, i.e. a prior medical condition and/or the results of a traffic accident. Motion papers are such that require the court to grant a probable cause hearing "when they (a) challenge the lawfulness of the defendant's arrest, and (b) assert sworn allegations of fact in support of such claim that raise a factual dispute on a material point.[FN11]
That is the case herein. (See also People v. Burton, 6 NY3d 584,587, 815 M.Y.S.2d 7,9 [2006]) As a result, this court cannot summarily grant or deny the motion to suppress the evidence obtained herein.[FN12]
Pursuant to CPL § 710.60 (4), this court "must conduct a hearing and make findings of fact essential to the determination thereof." The matter will be set down for a hearing at date and time to be determined.

Conclusion.
Defense counsel's motion to dismiss the accusatory instrument charging the defendant with common law driving while intoxicated as being insufficient on its face pursuant to CPL § 100.40 is hereby denied. The motion to preclude the prosecutor from offering testimony regarding observation of the defendant is denied as there was no identification procedure conducted by the police. The motion to summarily suppress statements made to any law enforcement personnel is denied. However, the motion for a hearing on the voluntariness of any statements made by the defendant to a law enforcement official is granted. The motion to summarily suppress any evidence obtained by the People on the ground that the officer did not have the required probable cause to make the arrest is hereby denied. However, the request for a probable cause hearing is granted. The remaining requests set out in the omnibus motion are either without merit or are hereby reserved on by the court. This constitutes the decision and [*7]order of this court.
Dated: December 1, 2025
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(CPL § 100.10 [2] [a])

Footnote 2:(CPL § 100.20)

Footnote 3:(CPL § 100.25 [1])

Footnote 4:(Gerstenzang, Handling the DWI Case in New York § 16:32 at 796-797 [2024-2025 ed])

Footnote 5:(See also, Gerstenzang, Handling the DWI Case in New York § 16:32 at 799 [2024-2025])

Footnote 6:(CPL § 710.30 [2])

Footnote 7:(See CPL § 710.60 [2] and [3])

Footnote 8:(To date the court has not been provided with the results of said test.)

Footnote 9:(Gerstenzang, Handling the DWI Case In New York § 1:32 at 61 [2024-2025 ed])

Footnote 10:(Id. at 237,84) 

Footnote 11:( Gerstenzang, Handling the DWI Case In New York § 1;37 at 76[2024-2025 ed])

Footnote 12:(See CPL § 710.60 [1] & [2])